**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS MAXIMINO BALLINAS-LUCERO, *Petitioner*, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, *Respondent*. | No. 17-73260 <br><br> Agency No. A200-154-807 <br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2022
San Francisco, California

Filed August 15, 2022

Before: William A. Fletcher, Ronald M. Gould, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge W. Fletcher

# SUMMARY[*]

## Immigration

Granting Luis Maximino Ballinas-Lucero's petition for review of a decision of the Board of Immigration Appeals, and remanding, the panel held that: 1) an applicant for cancellation of removal bears the burden of proving that a conviction was vacated because of a substantive or procedural defect in the criminal proceedings, and not solely for immigration purposes or for rehabilitative or equitable reasons; and 2) Ballinas-Lucero carried this burden of proof.

In 2012, Ballinas-Lucero pleaded guilty, without counsel, to six misdemeanor theft charges. The BIA later concluded that his petty theft convictions were crimes involving moral turpitude that rendered him ineligible for cancellation of removal. Ballinas-Lucero moved the Superior Court, through counsel and pursuant to Cal. Penal Code § 1018, to withdraw his guilty pleas and set aside his convictions. In his Memorandum of Points and Authorities, he wrote that he was afraid for his safety in jail, ignorant of his rights in court, and did not have a working knowledge of English. He wrote, further, that the Superior Court judge told him that if he pleaded right away he would be given credit for time served and released. Within a few minutes, he had pleaded guilty without having read the police reports or consulting an attorney. He wrote that he did not understand that as soon as he pleaded guilty his fate was sealed not only with the courts but with immigration.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The Superior Court granted his motion, and Ballinas-Lucero pleaded guilty to violating Cal. Penal Code § 368(d), theft from an elder adult. Ballinas-Lucero moved to reopen his immigration proceedings. The BIA granted the motion, but ultimately decided that Ballinas-Lucero failed to meet his burden of proof as to the nature of the vacatur of his convictions.

The panel explained that vacated convictions remain valid for immigration purposes if they are vacated solely for reasons unrelated to the merits of the underlying criminal proceedings, that is, equitable, rehabilitative, or immigration reasons. However, a conviction vacated on the basis of a defect in the underlying criminal proceedings is no longer valid for immigration purposes.

The panel held that applicants for cancellation of removal bear the burden of proving that their vacated convictions are not valid for immigration purposes. The panel relied on *Pereida v. Wilkinson*, 141 S. Ct. 754 (2021), where the Supreme Court held that because Pereida bore the burden of proving his eligibility for cancellation, in the face of ambiguous state court records, any uncertainty about whether he stood convicted of a disqualifying crime was enough to defeat his application for relief.

Next, the panel concluded that Ballinas-Lucero carried that burden, explaining that the record compelled the conclusion that his convictions were vacated due to legal defects in his pleas. The panel observed that, under *In re Pickering*, 23 I. & N. Dec. 621 (BIA 2003), the BIA considers: (1) the law under which the court issued its order, (2) the language of the court's order, and (3) the reasons provided by the noncitizen in the request for post-conviction

relief.  The BIA concluded that Ballinas-Lucero's evidence (the statute under which vacatur was granted, Cal. Penal Code § 1018, and his Memorandum of Points and Authorities) was "inconclusive" as to whether his convictions were vacated "on the merits."

The panel disagreed.  First, the panel concluded that the grounds for allowing withdrawal of a guilty plea under Cal. Penal Code § 1018 are substantive and procedural defects in the underlying proceeding.  Second, the panel concluded that any reasonable adjudicator reading Ballinas-Lucero's Memorandum would be required to find that the grounds asserted pertained overwhelmingly to substantive and procedural defects.  Third, the panel concluded that the BIA erred, under *In re Pickering*, by finding dispositive the absence of any statement by the court regarding the reasons for permitting the withdrawal of the guilty plea.

The panel remanded to the BIA to determine in the first instance (1) whether Ballinas-Lucero's remaining conviction under Cal. Penal Code § 368(d) qualifies as a CIMT, and if so, whether the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II) applies to it; and (2) whether Ballinas-Lucero satisfies the other statutory requirements for cancellation of removal.

## COUNSEL

Richard Lucero (argued), Law Office of Richard Lucero, Los Angeles, California; Rosana Kit Wai Cheung, Law Offices of Rosana Kit Wai Cheung, Los Angeles, California; for Petitioner.

Edward E. Wiggers (argued), Senior Litigation Counsel; Mary Jane Candaux, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

W. FLETCHER, Circuit Judge:

Luis Maximino Ballinas-Lucero petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of an Immigration Judge ("IJ") denying his application for cancellation of removal. The BIA held that Ballinas-Lucero was statutorily barred from cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C) because, in the view of the BIA, his six misdemeanor convictions for petty theft remained convictions for immigration purposes even after they had been vacated by a California Superior Court.

We hold that under *Pereida v. Wilkinson*, 141 S. Ct. 754 (2021), an applicant for cancellation of removal bears the burden of proving that a state-court conviction was vacated because of a substantive or procedural defect in the criminal proceedings, and not solely for immigration purposes or for rehabilitative or equitable reasons. We hold, further, that

Ballinas-Lucero carried this burden of proof. The record compels a finding that the Superior Court vacated his six misdemeanor convictions because of substantive or procedural defects in the criminal proceedings, and did not do so solely for immigration purposes or for rehabilitative or equitable reasons. After vacatur of his six misdemeanor convictions, Ballinas-Lucero was convicted of a single misdemeanor that may qualify for the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II), which would render him statutorily eligible for cancellation of removal.

We therefore grant the petition for review and remand the case to the BIA so that it may decide in the first instance whether Ballinas-Lucero's single petty theft conviction is a conviction that falls within the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II), and whether he satisfies the other statutory criteria for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

## I.  Background

## A.  Factual Background

Ballinas-Lucero was born in Puebla, Mexico, in 1969. He entered the United States without inspection in 1988 and has resided continuously in the United States since 1996. Ballinas-Lucero is married and has three children, two of whom are U.S. citizens. His parents are lawful permanent residents of the United States. Prior to being detained by the U.S. Department of Homeland Security ("DHS"), Ballinas-Lucero lived in Tustin, California, and worked as a manager at a Burger King restaurant.

On January 4, 2012, Ballinas-Lucero was arrested at his workplace. He was arraigned in the Orange County Superior Court two days later on six misdemeanor charges, three for "Theft from elder adult" under California Penal Code § 368(d) and three for "Theft by employee – under $400" under California Penal Code §§ 484(a), 488, 508. The charges stemmed from three disputes regarding change given to a disabled customer and her caregiver on December 8, 2011, December 16, 2011, and January 4, 2012.

Ballinas-Lucero had never been arrested before. Without representation by an attorney, he pleaded guilty to all six charges the same day he was arraigned. The court minutes from his January 6, 2012, arraignment state that a Spanish interpreter was present and that Ballinas-Lucero was "formally arraigned and informed of the charges." The minutes state that Ballinas-Lucero "understands [his] rights as explained," and "understands [the] consequences of the plea."

The Superior Court sentenced Ballinas-Lucero to six days in county jail and three years of informal probation on the theft from an elder adult charges. It stayed his sentence on the theft by employee charges. Ballinas-Lucero was credited with time served and released the same day.

## B. Initial Immigration Proceedings

Several days after his release from jail, DHS detained Ballinas-Lucero and issued a Notice to Appear in removal proceedings. DHS charged him with violating § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), for entering the United States without being admitted or paroled.

Ballinas-Lucero conceded removability during a master calendar hearing on January 31, 2012. Through counsel, he filed an I-589 application for asylum, withholding of removal, and relief from removal under the Convention Against Torture ("CAT"). He also applied for cancellation of removal and adjustment of status under 8 U.S.C. § 1229b(b). To be eligible for cancellation of removal, an applicant generally must demonstrate, *inter alia*, that he or she has not been convicted of an offense under 8 U.S.C. § 1182(a)(2), which renders inadmissable applicants convicted of certain crimes, including crimes involving moral turpitude ("CIMTs") or crimes involving controlled substances. *Id.* § 1229b(b)(1)(C). Petty theft in violation of certain statutes, including California Penal Code §§ 484, 488, is a CIMT. *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1159 (9th Cir. 2009) (collecting cases); *see also Silva v. Garland*, 993 F.3d 705, 716–17 (9th Cir. 2021) (casting doubt on the reasoning of our prior § 484 CIMT holdings, but concluding they remained binding). However, a noncitizen with only one conviction for a CIMT crime is not inadmissible if the crime qualifies under the "petty offense exception." *Castillo-Cruz*, 581 F.3d at 1157 (citing 8 U.S.C. § 1182(a)(2)(A)(ii)(II)). A CIMT qualifies under the petty offense exception if "the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of [six] months." *Lafarga v. INS*, 170 F.3d 1213, 1214–15 (9th Cir. 1999) (quoting 8 U.S.C. § 1182(a)(2)(A)(ii)(II)).

Ballinas-Lucero appeared for his first merits hearing before an IJ on April 9, 2012. He testified through an interpreter. On direct examination, Ballinas-Lucero briefly testified about his fear of returning to Mexico. On cross-examination, the government attorney questioned him about

his theft convictions. The attorney asked, "Who did you steal from?" Ballinas-Lucero responded that he was "accused of having taken the change from a customer." He explained that this customer, a woman, was not elderly, but "not doing, not so well," or, in the words of the government's attorney, was "mentally handicapped."

The IJ also questioned Ballinas-Lucero. The IJ asked him if he had pleaded guilty to the theft charges. Ballinas-Lucero responded, "[I]t was the first time I ever gone to court and it was in Orange and I really had no idea what to say, whether to say yes or no." He further testified about his lack of experience in criminal court and his failure to understand the charges against him:

> [W]hen I went to court, they read me the charges, but everything was codified. It was all in codes, so nobody said to me specifically that this is for this, or that is for that. And the translator just said to me to say yes, simply and uh-huh. After I was accepted, after I accepted or agreed to the charges, the attorney asked me what the charges had been and I told, I told her or him, I, I don't even know what they really were, uh-huh. And, and I was told by the attorney that they have to explain them to me or read them to me and I said I don't know. This was the first time I'm ever in court.

Ballinas-Lucero said that he did not have an attorney to represent him. He had "only a translator." When the IJ pressed him as to why he did not ask for an attorney, Ballinas-Lucero answered, "I'm sorry, perhaps this was my

ignorance because it was my first time in court. I really didn't know what I was supposed to do."

The IJ asked Ballinas-Lucero about the circumstances underlying the theft charges. Ballinas-Lucero explained that he was arrested at his workplace, and that it was a caregiver for the person whose change he was accused of taking who "caught" him. He said the customer in question was a regular at the Burger King. Ballinas-Lucero testified that he did not steal from the customer, but instead that the customer was confused about the price of her order, which had not been her usual order.

The IJ concluded the hearing stating, "[U]nfortunately, I cannot alter your conviction and it appears you pled guilty to it. If you think you were wrongly convicted, your only option would be to go back to that court and try to get it to correct, it's what, you believe is an error." The IJ said that he credited Ballinas-Lucero's testimony as to his fears about returning to Mexico but found that he was nevertheless ineligible for asylum, withholding, and CAT protection. The IJ offered him voluntary departure, but Ballinas-Lucero refused to waive his right to appeal the IJ's decision and elected instead to appeal the IJ's decision to the BIA.

In an oral decision, the IJ denied Ballinas-Lucero's applications for asylum, withholding, CAT protection, and cancellation of removal. The IJ questioned the validity of Ballinas-Lucero's criminal convictions:

> [T]he Court did ask how he committed this offense and from what respondent said he did, it did not appear he was guilty. Realizing he was not represented, believing that he may

> have, as he says, not understood since they
> were all talking in code, there may have been
> a miscarriage of justice here.

The IJ held that because the convictions nevertheless "appear[] proper" Ballinas-Lucero was statutorily barred from cancellation of removal for having been convicted of "more than two" CIMTs and was not eligible for the petty theft exception. (The IJ appears to have misspoken. More than *one* CIMT would have been enough to render Ballinas-Lucero ineligible for the petty offense exception.)

Ballinas-Lucero appealed to the BIA. He argued, *inter alia*, that he was "not guilty of the alleged conviction," and that it was "a misunderstanding." He further contended that all the charges came from a "single scheme of conduct" at his workplace, which he argued made him eligible for the petty offense exception, and thus eligible for cancellation of removal. *See* 8 U.S.C. § 1227(a)(2)(A)(ii) (rendering noncitizens convicted of two or more CIMTs, "not arising out of a single scheme of criminal misconduct," deportable); *see also id.* § 1229b(b)(1)(C) (rendering non-lawful permanent residents ineligible for cancellation of removal if convicted under an offense described in § 1227(a)(2)).

The BIA dismissed his appeal on September 12, 2012. The BIA found that Ballinas-Lucero had been convicted on multiple counts of petty theft under §§ 484(a) and 488 of the California Penal Code. The BIA held that the thefts were CIMTs; that the petty offense exception did not apply; and that the convictions rendered Ballinas-Lucero statutorily ineligible for cancellation of removal. The BIA also dismissed his appeal as to his asylum, withholding, and CAT claims.

## C. Post-Conviction Relief

While his appeal to the BIA was pending, Ballinas-Lucero moved in the Superior Court to withdraw his guilty pleas and set aside his convictions. He brought his motion, through counsel, pursuant to California Penal Code § 1018. Section 1018 provides that "in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted" if the motion is timely. Cal. Penal Code § 1018. In his motion, Ballinas-Lucero argued that he had "good cause" to withdraw his guilty pleas because they were entered due to "an overreaching of [his] free and clear judgment" caused by his lack of attorney, his lack of information about the charges, and his custodial status.

Ballinas-Lucero wrote in a Memorandum of Points and Authorities in support of his motion that he made his first and only appearance in the Superior Court two days after his arrest. He had been confined in the county jail since his arrest. While in jail, he had been "afraid for his personal safety due to the large number of other seemingly sophisticated and potentially violent inmates." Once in the courtroom, he was "scared, ignorant of his legal rights, and did not have a working understanding of the English being used by the participants." He did not understand his "Advisement of Rights form" even after it was translated into Spanish. Ballinas-Lucero wrote that he had no "concept" of what it meant to be provided with a lawyer "who would work diligently for him and explore all possible defenses on his behalf."

Ballinas-Lucero wrote, further, that the Superior Court judge had told him that "if he pleaded guilty right away he would be given credit for time served and be released." "Within the span of a very few minutes," he had pleaded guilty without having read the police reports or consulting with an attorney. He wrote that he did not "understand that as soon as he pleaded guilty his fate was sealed not only with the courts but with immigration." Citing § 1018, Ballinas-Lucero argued that the court should construe his motion to withdraw liberally in order to promote justice.

The District Attorney did not oppose Ballinas-Lucero's motion to withdraw his guilty pleas. The Superior Court granted Ballinas-Lucero's motion on June 29, 2012. The court vacated his six convictions and prior sentence; entered a plea of not guilty on Ballinas-Lucero's behalf as to all six counts; ordered that arrangements be made to transfer Ballinas-Lucero from DHS custody to the custody of the Orange County Sheriff; and set the matter for a pre-trial hearing on the now-pending charges.

On July 24, 2012, Ballinas-Lucero pleaded guilty to one count of violating California Penal Code § 368(d), theft from an elder adult. Upon a motion by the District Attorney, the court dismissed the charges on the remaining five counts. Unlike when he had pleaded guilty to all six charges, Ballinas-Lucero was represented by counsel. The court recited that it had advised Ballinas-Lucero of the immigration consequences of his plea, and that it found a factual basis for his guilty plea. The court sentenced Ballinas-Lucero to thirty days in jail on the one count of conviction, three years informal probation, and restitution. The court credited him with time served.

Ballinas-Lucero's Memorandum of Points and Authorities in support of his motion to withdraw his plea, and the minutes of the Superior Court proceedings, are the only documents in the record relevant to the court's granting of Ballinas-Lucero's motion to withdraw his guilty pleas. Ballinas-Lucero submitted the Orange County Superior Court's *Notice of Availability of Court Reporting Services*, which indicates that court reporters were generally not available at misdemeanor arraignments and misdemeanor post-conviction hearings.

### D.  Reopened Immigration Proceedings

After the Superior Court vacated his six misdemeanor convictions, and after he pleaded guilty to one count of misdemeanor theft, Ballinas-Lucero moved to reopen his immigration proceedings. He argued that with only one conviction for misdemeanor theft, he was now statutorily eligible for cancellation of removal. The BIA granted his motion to reopen and remanded his case to the IJ.

On remand, Ballinas-Lucero appeared before a different IJ. The IJ emphasized to Ballinas-Lucero's attorneys that they would need to provide evidence showing that his convictions were vacated "on the merits" and "not pursuant to a rehabilitative statute" for the vacaturs to be effective for immigration purposes. The IJ continued his merits hearing several times so that Ballinas-Lucero could provide evidence of the Superior Court's rationale for vacating his convictions. Ballinas-Lucero's attorneys introduced the Memorandum of Points and Authorities that had been submitted to the Superior Court in support of his withdrawal motion, and the Superior Court minutes showing that court's vacatur of the six convictions. They informed the IJ that a transcript of

Ballinas-Lucero's post-conviction hearing had not been made, and that the court had not issued a written ruling explaining its reasons for granting Ballinas-Lucero's motion. Ballinas-Lucero argued, based on the available record, that his convictions were vacated for the reasons provided in his Memorandum of Points and Authorities and specified in the text of the statute, California Penal Code § 1018, under which the motion had been made and granted.

The IJ denied Ballinas-Lucero's application for cancellation of removal. The IJ held that Ballinas-Lucero "remains convicted of offenses which disqualify him from eligibility for non-[lawful permanent resident] cancellation and will again pretermit his application for relief." The IJ wrote that "respondent bears the burden of proving that his conviction was vacated on the merits." The IJ held that Ballinas-Lucero had failed to carry his burden: "Indeed, the evidence submitted in this case shows that respondent's conviction was vacated for ameliorative or equitable reasons." The IJ made an alternative finding that even if five of his convictions were vacated "on the merits," Ballinas-Lucero would still be ineligible for cancellation because of his remaining conviction under California Penal Code § 368(d).

Ballinas-Lucero appealed to the BIA. He argued in his brief that: (1) the government bore the burden of proving that his convictions were vacated for rehabilitative reasons and therefore remained effective for immigration purposes, and (2) the IJ erred in finding that there was no evidence of the substantive reasons the court vacated his convictions.

The BIA dismissed Ballinas-Lucero's appeal on November 13, 2017. The BIA held that "[t]he respondent has

the burden of demonstrating his eligibility for cancellation of removal," and that "the respondent bears the burden of establishing that his convictions were vacated on the merits and not for equitable or rehabilitative reasons or to spare the respondent from immigration consequences." The BIA concluded:

> In the absence of any statement by the court regarding the reasons for permitting the withdrawal of the respondent's guilty plea, the record is inconclusive on the issue of whether the vacatur of the respondent's convictions was on the merits or was for rehabilitative or equitable reasons. Therefore, the respondent has not met his burden of establishing his eligibility for cancellation of removal.

The BIA's decision did not address the alternative ground on which the IJ denied Ballinas-Lucero's application for cancellation of removal.

Ballinas-Lucero timely petitioned for review. We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's final order of removal.

## II.  Standard of Review

Where, as here, "the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). We review de novo the BIA's determination of questions of law. *Bringas-*

*Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We review the agency's factual determinations for substantial evidence. *Id.* We must uphold the agency's factual findings unless the record compels a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). "If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam)).

## III. Discussion

### A. Vacated Convictions in the Immigration Context

Noncitizens residing in the United States face significant immigration consequences as a result of a criminal conviction in state or federal court. Criminal convictions bar noncitizens present unlawfully in the United States from most forms of discretionary relief from deportation, including asylum, withholding of removal, and, as relevant here, cancellation of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii), 1229b(b)(1)(C). Criminal convictions for certain serious offenses also render lawful permanent residents "removable" and ineligible for discretionary relief from deportation. *See* 8 U.S.C. §§ 1227(a)(2), 1229b(a)(3); *Padilla v. Kentucky*, 559 U.S. 356, 363–64 (2010) ("Under contemporary law, if a noncitizen has committed a removable offense . . . , his removal is practically inevitable but for the possible exercise of limited remnants of equitable discretion vested in the Attorney General to cancel removal for noncitzens convicted of particular classes of offenses.").

Convictions subsequently vacated by a state or federal court may remain valid for immigration purposes in certain circumstances. *See Nunez-Reyes v. Holder*, 646 F.3d 684, 688–89 (9th Cir. 2011) (en banc). In the foundational case, *In re Pickering*, 23 I&N Dec. 621 (BIA 2003), *rev'd on other grounds*, *Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006), the BIA explained:

> [I]f a court with jurisdiction vacates a conviction based on a defect in the underlying criminal proceedings, the respondent no longer has a "conviction" within the meaning of section 101(a)(48)(A) [of the INA]. If, however, a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains "convicted" for immigration purposes.

*Id.* at 624; *see also In re Thomas & In re Thompson*, 27 I&N Dec. 674, 674 (A.G. 2019) (affirming *In re Pickering* and extending its test to "state-court orders that modify, clarify, or otherwise alter a criminal alien's sentence"). When, after reviewing the state court record, it is determined that "the quashing of the conviction was not based on a defect in the conviction or in the proceedings underlying the conviction, but instead appears to have been entered solely for immigration purposes," the conviction remains valid in immigration proceedings. *In re Pickering*, 23 I&N Dec. at 625. That is, if a conviction is vacated "solely for immigration purposes," or for other reasons "unrelated to the merits of the underlying criminal proceedings," it remains valid for immigration purposes. *Id.* at 624–25. However, and relevant to this case, a conviction vacated "on the basis of a

defect in the underlying criminal proceedings" is no longer valid for immigration purposes. *Id.* at 625.

In the years since *In re Pickering* was decided, we have applied its holding repeatedly. We have held that a criminal conviction vacated by a state court because of a "procedural or substantive defect" is not a "conviction" for immigration purposes. *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006) (quoting *In re Pickering*, 23 I&N Dec. at 624). "A vacated conviction can serve as the basis of removal only if the conviction was vacated for reasons 'unrelated to the merits of the underlying criminal proceedings,' that is, for equitable, rehabilitation, or immigration hardship reasons." *Id.* at 1188–89 (quoting *In re Pickering*, 23 I&N Dec. at 624); *see also Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 n.3 (9th Cir. 2006); *Prado v. Barr*, 949 F.3d 438, 441 (9th Cir. 2020); *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010). A vacated conviction remains valid for immigration purposes when it is vacated "*solely* for rehabilitative reasons or reasons related to [the petitioner's] immigration status." *Nath*, 467 F.3d at 1189 (emphasis in original) (quoting *Cardoso-Tlaseca*, 460 F.3d at 1107 n.3); *accord Reyes-Torres v. Holder*, 645 F.3d 1073, 1077 (9th Cir. 2011) (same).

## B. Burden of Proof in Cancellation-of-Removal Cases

The BIA held that, because a noncitizen "has the burden of demonstrating his eligibility for cancellation of removal," Ballinas-Lucero had the burden of demonstrating that his convictions were vacated due to a substantive or procedural defect, and not for equitable or rehabilitative reasons, and that those convictions therefore no longer posed a bar to his application for cancellation of removal. The Supreme

Court's recent decision in another cancellation-of-removal case, *Pereida v. Wilkinson*, 141 S. Ct. 754 (2021), persuades us that the BIA was correct. In *Pereida*, the petitioner sought to prove his eligibility for cancellation of removal, despite having been convicted of a potentially disqualifying CIMT offense—"attempted criminal impersonation." *Id.* at 759. The statute under which Pereida stood convicted was arguably divisible (it included several CIMT sub-sections and one non-CIMT subsection), and the question presented was whether, given ambiguity in the state court record about which subsection Pereida was convicted of violating, he had been convicted of a disqualifying offense. *Id.* at 759–60. The Court held that because Pereida bore the burden of proving his eligibility for cancellation, in the face of ambiguous state court records, "any lingering uncertainty about whether Mr. Pereida stands convicted of a crime of moral turpitude would appear enough to defeat his application for relief." *Id.* at 761.

In reaching this conclusion, the Court noted that the burden of proving the presence (or absence) of a qualifying criminal conviction "flips" from the government when it seeks to prove removability to the applicant when relief from removability is sought. *Id.* (comparing 8 U.S.C. §§ 1229a(c)(3), 1227(a)(2)(A)(i) with § 1229a(c)(4)). The Court explained, "These statutory features show that Congress knows how to assign the government the burden of proving a disqualifying conviction. And Congress's decision to do so in some proceedings, but not in proceedings on an alien's application for relief, reflects its choice that these different processes warrant different treatment." *Id.* Consistent with the Court's reasoning in *Pereida*, we hold that applicants for cancellation of removal bear the burden of proving not only that their convictions have been vacated, but

also that the vacated convictions are not valid for immigration purposes.

We turn next to the question of whether Ballinas-Lucero carried this burden.

### C. Evidence of Effective Vacatur in this Case

In evaluating the criminal court record to assess the reasons underpinning a court's order of vacatur, the BIA considers three types of evidence: (1) the law under which the court issued its order, (2) the language of the court's order itself, and (3) the reasons provided by the noncitizen in the request for post-conviction relief. *In re Pickering*, 23 I&N Dec. at 625; *see also In re Thomas*, 27 I&N Dec. at 685. Ballinas-Lucero proffered two pieces of evidence supporting his argument that the Orange County Superior Court vacated his misdemeanor convictions due to legal defects in his initial guilty pleas: (1) the statute under which the vacatur was granted, and (2) his Memorandum of Points and Authorities in support of his motion to withdraw his guilty pleas. The BIA considered Ballinas-Lucero's evidence and held that it was "inconclusive" as to whether the state court vacated his convictions "on the merits." We disagree.

The BIA acknowledged that Ballinas-Lucero's motion to withdraw his guilty plea was brought pursuant to California Penal Code § 1018. However, the BIA did not conduct any analysis of the statute to determine whether it provides for vacatur for substantive or procedural reasons or for rehabilitative or equitable reasons. The statute provides:

> On application of the defendant at any time before judgment or within six months after an

order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice.

Cal. Penal Code § 1018.

Section 1018 requires California courts to permit criminal defendants to withdraw a guilty plea if they were unrepresented by counsel at the time of their plea, upon a showing of "good cause." *Id.* The California Supreme Court has held that "good cause" for withdrawing a guilty plea under § 1018 means "[m]istake, ignorance, or any other factor overcoming the exercise of free judgment," and that "good cause" must be proven with "clear and convincing evidence." *People v. Patterson*, 391 P.3d 1169, 1175 (Cal. 2017) (quoting *People v. Cruz*, 526 P.2d 250, 252 (Cal. 1974)). Withdrawal may be based on the court's or the counsel's failure to advise a criminal defendant of the consequences of a guilty plea. *Id.* at 725 ("Before the trial court accepts a defendant's guilty or no contest plea, the court must advise the defendant of his or her maximum possible sentence . . . . Failure to do so may be good cause to allow the defendant to withdraw the plea."); *Patterson*, 391 P.3d at 1179 (holding that counsel's failure to advise defendant of the immigration consequences of his guilty plea could constitute good cause for withdrawal, even after petitioner received a general advisement from the court). "The defendant may not withdraw a plea because the defendant

has changed his or her mind." *People v. Archer*, 178 Cal. Rptr. 3d 722, 730 (Cal. Ct. App. 2014).

The grounds for allowing withdrawal of a guilty plea under § 1018 are substantive and procedural defects in the underlying proceeding. Section 1018 is readily distinguishable from other state statutes we have previously found to allow vacatur for equitable or rehabilitative reasons. *See, e.g.*, *Prado*, 949 F.3d at 440–42 (holding that California's Control, Regulate, and Tax Adult Use of Marijuana Act had reclassified Prado's conviction "for policy reasons of rehabilitation"); *Poblete Mendoza*, 606 F.3d at 1142 (holding that any vacatur under Arizona Revised Statutes § 13-907 was "for rehabilitative purposes").

The BIA also considered the Memorandum of Points and Authorities Ballinas-Lucero submitted to the Superior Court in support of his motion to withdraw his guilty pleas. The BIA noted that Ballinas-Lucero's Memorandum "asserts that the respondent felt pressured, did not understand his options, did not discuss his case with an attorney, and was not adequately advised of the immigration consequences of his plea." The BIA, however, did not evaluate Ballinas-Lucero's motion as evidence of the grounds for the state-court's decision, as *In re Pickering* instructs it to do. 23 I&N Dec. at 625. Any reasonable adjudicator reading Ballinas-Lucero's Memorandum in support of his motion would be required to find that the factual grounds asserted pertained overwhelmingly to substantive and procedural defects in his pleas, as specified in § 1018.

The only mention of immigration hardship in Ballinas-Lucero's Memorandum related to a legal defect in the proceeding—that he did not sufficiently understand the

immigration consequences of his plea. *See Patterson*, 391 P.3d at 1176. The only equitable argument advanced in his Memorandum was that it be "liberally construed" to promote justice, which drew directly from the language of the statute. Cal. Penal Code § 1018. Ballinas-Lucero's Memorandum made no reference to any post-conviction rehabilitative events in Ballinas-Lucero's life, and did not discuss his immigration hardships, except to say that he did not understand, at the time of his plea, "that his fate was sealed" with immigration upon its acceptance by the court.

Because Ballinas-Lucero's motion to withdraw his guilty pleas was unopposed by the state, and because the Superior Court granted his motion without any explanation, the contents of his Memorandum in support of the motion are critical to an understanding of the state court's rationale for vacating his convictions. Despite the clarity of Ballinas-Lucero's Memorandum, and of the criteria in § 1018, the BIA found the "absence of any statement by the court regarding the reasons for permitting the withdrawal of the respondent's guilty plea" to be dispositive. This was error. As the Attorney General stated in *In re Thomas*, adjudicators applying the "*Pickering* test . . . frequently determine whether a vacatur is valid for immigration purposes by assessing the text of the order of vacatur itself *or the alien's motion requesting the vacatur*." 27 I&N Dec. at 685 (emphasis added).

The record before the BIA compels a conclusion, contrary to that of the BIA, that the Superior Court vacated Ballinas-Lucero's six misdemeanor convictions because of legal defects in his pleas. Because the BIA's finding regarding the Superior Court's dismissal of Ballinas-Lucero's convictions was not supported by substantial evidence, we grant the

petition for review. We remand to the BIA for further proceedings to determine in the first instance (1) whether Ballinas-Lucero's remaining conviction under Cal. Penal Code § 368(d) qualifies as a CIMT, and if so, whether the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II) applies to it; and (2) whether Ballinas-Lucero satisfies the other statutory requirements for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

## Conclusion

We hold that Ballinas-Lucero bore the burden of proving that his vacated convictions did not remain valid for immigration purposes, and that he carried that burden. The record in this case compels the finding that Ballinas-Lucero's convictions were vacated because of legal defects, and not solely immigration purposes, or for rehabilitative or equitable reasons. We therefore grant the petition for review and remand the case to the BIA for further proceedings consistent with this opinion.

The petition for review is **GRANTED** and the case is **REMANDED** for further proceedings consistent with this opinion.