

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER ALFONSO LUNA RIVERA, | No. 17-72523 |
| Petitioner, | Agency No. A205-173-654 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2023[**]
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

Javier Alfonso Luna Rivera seeks review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

The BIA did not err in concluding that Luna Rivera's conviction under Section 245(a)(1) of the California Penal Code was a crime involving moral turpitude (CIMT) under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *See Safaryan v. Barr*, 975 F.3d 976, 981 (9th Cir. 2020) ("[A] violation of § 245(a)(1) is categorically a [CIMT].").

Under 8 U.S.C. § 1229b(b)(1)(C), an alien who is convicted of certain enumerated offenses, including a CIMT, 8 U.S.C. § 1182(a)(2)(A)(i)(I), is "ineligible for cancellation of removal," *Barton v. Barr*, 140 S. Ct. 1442, 1452 (2020), as we have confirmed on many occasions, *see, e.g.*, *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1173 (9th Cir. 2022); *Diaz-Flores v. Garland*, 993 F.3d 766, 773–74 (9th Cir. 2021).

Thus, because Luna Rivera's conviction under Section 245(a)(1) was a CIMT, he is ineligible for cancellation of removal.

**PETITION DENIED.**