**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN ROSALIO GUZMAN-NUNEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-1118 <br><br> Agency No. <br> A099-060-254 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023[**]
Pasadena, California

Before: BYBEE, BENNETT, and MENDOZA, Circuit Judges.

Petitioner Brian Rosalio Guzman-Nunez, a native and citizen of Belize,

petitions for review of an order by the Board of Immigration Appeals denying

Guzman's motion to reopen his removal proceedings. We review the denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen for abuse of discretion. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The Board did not abuse its discretion in holding that Guzman failed to provide sufficient evidence to support the assertion that his 2008 conviction under California Health & Safety Code § 11351.5 "was vacated or altered based on a procedural or substantive defect in the criminal proceedings, rather than for rehabilitative or immigration purposes."

To prevail on a motion to reopen, a petitioner need only establish a prima facie claim for relief, and "[p]rima facie eligibility for relief is established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014)). Where, as here, a petitioner seeks relief from a removal order based on a vacated criminal conviction, the burden is on the petitioner to demonstrate that the conviction was "vacated due to a substantive or procedural defect, and not for equitable or rehabilitative reasons, and that th[e] conviction[] therefore no longer pose[s] a bar to [the petitioner's] application for" relief. *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1178 (9th Cir. 2022).

Guzman failed to establish prima facie eligibility for relief because his motion to reopen was unsupported by any evidence bearing on whether his 2008 conviction was "vacated due to a substantive or procedural defect, and not for equitable or rehabilitative reasons . . ." *Ballinas-Lucero*, 44 F.4th at 1178; *see also id.* at 1179 ("In evaluating the criminal court record to assess the reasons underpinning a court's order of vacatur, the BIA considers three types of evidence: (1) the law under which the court issued its order, (2) the language of the court's order itself, and (3) the reasons provided by the noncitizen in the request for post-conviction relief."). Guzman proffered only one piece of new evidence to the Board in support of his motion to reopen: a California Superior Court's one-page minute order, dated February 25, 2021, granting Guzman's motion to vacate the plea underlying his 2008 conviction. But the minute order does not list "the law under which the court issued its order," any substantive "language of the court's order itself," or "the reasons provided by [Guzman] in [his] request for post-conviction relief." *Id.* at 1179. Having found no error in the Board's analysis, we therefore deny the petition.

Because we deny Guzman's petition on the basis that he failed to establish a prima facie case for relief in support of his motion to reopen, we need not address Guzman's argument on appeal that the Board erred in holding that his motion was time-barred and not subject to equitable tolling.

21-1118

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**