**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN LUIS OCADIZ-MENA, | No. 20-72192 |
| Petitioner, | Agency No. A087-958-614 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2024**
San Francisco, California

Before: BERZON, BRESS, and VANDYKE, Circuit Judges.

Petitioner seeks review of a Board of Immigration Appeals (BIA) decision

denying his untimely motion to reopen based on ineffective assistance of counsel.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

When the BIA rules on a motion to reopen, "[o]ur review is limited to the BIA's decision where the BIA conducts its own review of the evidence and law." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022) (citation omitted). "We review the agency's denial of a motion to reopen for an abuse of discretion." *Id.* (citation omitted). "The BIA abuses its discretion when its denial of a motion to reopen is 'arbitrary, irrational or contrary to law.'" *Id.* (quoting *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014)).

The BIA did not abuse its discretion by placing the burden on Petitioner to show that his convictions were vacated because of a substantive or procedural defect. *Id.* Where a petitioner bears the burden of proving eligibility for relief from which he may be disqualified on the basis of prior convictions, he bears the "burden of demonstrating that his convictions were vacated due to a substantive or procedural defect, and not for equitable or rehabilitative reasons, and that those convictions therefore no longer pose[] a bar to his application for [relief]." *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1178 (9th Cir. 2022).

Given Petitioner's burden, he has failed to show that the BIA erred in not equitably tolling the filing deadline because of ineffective assistance of counsel. To prevail in demonstrating ineffective assistance of counsel, Petitioner must show (1) that counsel failed to perform with sufficient competence and (2) he was prejudiced by counsel's performance. *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th

Cir. 2004). Petitioner's failure to show that his convictions were vacated because of a "procedural or substantive defect" means he likewise failed to establish prima facie eligibility for adjustment of status. And without such a prima facie showing, Petitioner has not established prejudice due to his prior counsel's failure to seek remand. The BIA therefore did not err in declining to equitably toll the filing deadline because of ineffective assistance of counsel. And since the motion for reopening was filed after the ninety-day deadline, the BIA did not abuse its discretion in denying the late motion.

**PETITION DENIED.**