NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUNXIANG LIN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No. 23-1123<br><br>Agency No.<br>A209-202-081<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2024[**]
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.
Dissent by Judge GRABER.

　　Petitioner Yunxiang Lin is a native and citizen of the People's Republic of

China.  He overstayed a 2016 visitor's visa and was charged with removability

under 8 U.S.C. § 1227(a)(1)(B).  He conceded removability but applied for

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum and withholding of removal on account of his political opinion against, and mistreatment under, China's family planning policies. An immigration judge ("IJ") denied Lin's application because she deemed Lin not credible. The Board of Immigration Appeals ("BIA") upheld the IJ's order. Lin now petitions this Court for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, applying the deferential standard governing adverse credibility determinations under the REAL ID Act. *De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022). However, "deference does not mean blindness," and this Court may "set aside the BIA's factual findings when the basis for the findings was insufficient or illogical." *Id.* at 999–1000. Additionally, "[i]f we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1177 (9th Cir. 2022) (quoting *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020)); *see also Kumar v. Garland*, 18 F.4th 1148, 1152 (9th Cir. 2021). Because we conclude that there is an open question about the sufficiency of evidence cited by the BIA in support of its decision to uphold the IJ's adverse credibility determination, we grant Lin's petition and remand for further proceedings.

23-1123

We first consider the BIA's reliance on the false information reported on Lin's U.S. visa application. Lin admitted that much of the information contained was false, such as his education and assets. The BIA relied on those false statements when upholding the adverse credibility determination, stating Lin's "life or freedom was not in imminent danger when he made these misrepresentations."[1] Yet Lin's attorney did argue that Lin was fleeing for fear of persecution when he applied for the U.S. visa. And even if Lin did not testify as much, an individual's use of false statements to enter the United States may be "fully consistent" with an asylum claim, whether or not the individual made those statements out of fear. *Marcos v. Gonzales*, 410 F.3d 1112, 1117 (9th Cir. 2005) (quoting *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999)). Further, in adopting the IJ's decision regarding the false information, the BIA made an incorrect factual finding—regarding the timing of Lin's U.S. visa fraud—that the record does not support.[2] Accordingly, this reason does not support the adverse credibility determination. *De Leon*, 51 F.4th at 999.

---

[1] The BIA recognized that the IJ cited to the maximum "*falsus in uno falsus in omnibus*" when reviewing the false statements on the U.S. visa application, but the BIA rejected that reasoning and only affirmed the IJ's decision "insofar as it is based on her assessment of the totality of the circumstances."

[2] The BIA stated that the U.S. visa fraud occurred before the alleged persecution but cited to the portion of the transcript wherein Lin went on a trip to Europe before the alleged persecution. The record reflects that Lin applied for his U.S. visa after the alleged persecution.

Next, we consider the BIA's statement regarding the IJ's finding of implausibility.[3] The IJ found implausible Lin's statements that he commuted back and forth from work every day and he "just happened to take the day off" when the officials came to take his wife for the abortion. The BIA did not unequivocally adopt or rely on this implausibility finding in upholding the adverse credibility determination. Without considering the IJ's findings regarding implausibility, the BIA went on to conclude that "the Immigration Judge provided enough alternative reasons to support the adverse credibility determination." Because the BIA did not clearly and unequivocally adopt the IJ's finding of implausibility, and the visa fraud finding amounts to a factual error, the BIA's adverse credibility determination was based upon one "specific and cogent reason" adopted from the IJ's decision—Lin's inconsistent testimony. *Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022) (internal quotation and citation omitted).

Standing alone, one factor "*might* conceivably support an overall adverse credibility determination." *Shen v. Garland*, 109 F.4th 1144, 1160 (9th Cir. 2024). But given that the BIA mistakenly believed its decision rested on multiple factual findings, it is unclear whether the BIA's finding of inconsistent testimony,

---

[3] In the Opening Brief, Petitioner argued that the BIA did not sufficiently address implausibility in its ruling, and, in doing so, Petitioner cited to relevant parts of the record where he argued against the implausibility finding before the BIA.

by itself, constitutes substantial evidence to uphold the adverse credibility determination. Therefore, the case is remanded to the BIA to determine in the first instance whether sufficient evidence supports an adverse credibility determination. *Kumar*, 18 F.4th at 1156 ("[T]he several rejected findings here all but gut the BIA's adverse credibility determination. For this reason, we remand to the BIA to determine in the first instance whether the remaining factors— considered on their own—suffice to support an adverse credibility determination."); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) ("There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination.").

**PETITION GRANTED AND REMANDED.**

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

An immigration judge ("IJ") found, and the Board of Immigration Appeals ("BIA") agreed, that Petitioner Yunxiang Lin was not credible for several reasons. We may not overturn the agency's factual findings, including an adverse credibility determination, unless all reasonable adjudicators would be compelled to find to the contrary. 8 U.S.C. § 1252(b)(4)(B); Garland v. Ming Dai, 593 U.S. 357, 365, 369 (2021). We are not. Although I agree with the majority disposition that the timing of the false information included on Petitioner's visa application does not support the agency's adverse credibility finding, the remaining factors described by the agency suffice to support that finding.

"There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination." Alam v. Garland, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Rather, the question is whether, in light of the totality of the circumstances, "any valid 'remaining factors—considered on their own—suffice to support an adverse credibility determination' with enough force to avoid the need for a remand." Shen v. Garland, 109 F.4th 1144, 1160 (9th Cir. 2024) (quoting Kumar v. Garland, 18 F.4th 1148, 1156 (9th Cir. 2021)). In that inquiry, factors that cast doubt on core

aspects of a petitioner's asylum claim carry particular weight. See Shrestha v. Holder, 590 F.3d 1034, 1046–47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's [asylum] claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Such factors are present here.

First, Petitioner's testimony was inconsistent with his earlier statements, given under oath to the asylum officer, in highly material respects. Petitioner told the asylum officer that he feared returning to China because of the "supervision and surveillance" of family planning officials. Petitioner gave details: he had to report once a week, each Tuesday, to the family planning office in Jiangjing Town, half an hour away, and specifically had to report to a person named Linwin Quin. But at the immigration hearing, Petitioner repeatedly denied that he had to report to family planning officials at all or, indeed, to anyone else. That clear inconsistency strongly supports the agency's adverse credibility finding. See id. at 1047 ("Shrestha's inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination.").

Second, the BIA upheld the IJ's implausibility finding, concluding that the IJ "did not clearly err . . . in doubting [Petitioner's] testimony concerning the events underlying his claim." And though it declined to consider one small aspect of the

IJ's implausibility analysis, the BIA endorsed the rest. The BIA's endorsement thus includes the IJ's skepticism regarding Petitioner's assertion that he just happened to take the day off on a Thursday when, he testified, family planning officials came to take his wife away to undergo an abortion, and he tried to fight them off. Notably, Petitioner has not challenged the substance of the agency's implausibility finding in this court.

This case differs dramatically from <u>Kumar</u>. There, we held that three of the four alleged inconsistencies were not in fact inconsistent and that the implausibility cited by the agency disregarded and mischaracterized evidence in the record, leaving only one minor inconsistency and an observation about the petitioner's demeanor. <u>Kumar</u>, 18 F.4th at 1153–56. Thus, "the several rejected findings" gutted the adverse credibility determination. <u>Id.</u> at 1156. Here, by contrast, the glaring contradictions in Petitioner's sworn accounts of key events go to the heart of the claim, and the agency's uncontested implausibility finding further supports the adverse credibility finding.

Because the record does not compel reversal of the agency's adverse credibility determination, I would deny the petition.