**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO DURAN GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-3307<br><br>Agency No. A 203-714-904<br><br>MEMORANDUM[*] |

On Petition for Review of an
Order of the Board of Immigration Appeals

Submitted April 30, 2026[**]

Before: RAWLINSON, MENDOZA, and DESAI, Circuit Judges.

Petitioner Rigoberto Duran Gutierrez ("Petitioner"), a native and citizen of Mexico, seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of cancellation of removal under 8 U.S.C. § 1229b(b)(1). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner failed to exhaust several of his arguments by not raising them before the agency. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 417–18 (2023) (noting that a failure to exhaust is not jurisdictional). In particular, and as the Government points out, Petitioner did not challenge before the BIA the immigration judge's determination that he had been convicted of a disqualifying controlled-substance offense, instead arguing only that the conviction should not render him ineligible for relief. We therefore decline to review Petitioner's challenge as to whether a controlled-substance conviction existed.

Petitioner also failed to carry his burden of demonstrating that any post-conviction relief eliminated the immigration consequences of the conviction. An applicant for cancellation of removal bears the burden of proving eligibility. 8 U.S.C. § 1229a(c)(4)(A); *Pereida v. Wilkinson*, 592 U.S. 224, 232 (2021). Although Petitioner asserted that his conviction had been expunged, he provided no documentary evidence establishing that the conviction was vacated on the basis of a "procedural or substantive defect," rather than for rehabilitative or immigration hardship purposes. *See Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1177–78 (9th Cir. 2022). The agency therefore permissibly concluded that the conviction remained valid for immigration purposes. *See id.*

Because the BIA's decision that Petitioner is statutorily ineligible for cancellation of removal due to his failure to prove a lack of a disqualifying

23-3693

conviction stands, we do not reach his remaining challenges regarding good moral character or alleged procedural errors, which in this instance would not alter the dispositive eligibility determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

Accordingly, the petition is **DENIED**.[1]

---

[1] The temporary stay of removal shall remain in place until the mandate issues. The motion for a stay of removal, Dkt. 4, is otherwise denied.