NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HECTOR EDGARDO AVILES MARTINEZ; C. A. A. A.; D. A. A.; SARAI ABIGAIL ANGEL PEREZ, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-7810 <br><br> Agency Nos. <br> A208-578-158 <br> A216-916-426 <br> A216-916-427 <br> A216-916-461 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 18, 2026
Phoenix, Arizona

Before: BERZON, M. SMITH, and HURWITZ, Circuit Judges.

Hector Edgardo Aviles Martinez, Sarai Abigail Angel Perez, and their

daughters[1] petition for review of a decision by the Board of Immigration Appeals

("BIA") denying their motion to reopen. The motion contended that the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Aviles Martinez, Angel Perez, and their daughter C.A.A.A. are natives and citizens of El Salvador. Their daughter D.A.A. is a native and citizen of Mexico.

Petitioners' attorney provided ineffective assistance by failing timely to file a Notice of Appeal with the BIA, which resulted in the BIA's dismissal of the Petitioners' appeal. We review the denial of a motion to reopen for abuse of discretion. *See Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021). We grant the petition.

1.      An ineffective assistance of counsel claim generally must comply with the procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). But *Lozada*'s requirements "are not sacrosanct." *Ray v. Gonzales*, 439 F.3d 582, 588 (9th Cir. 2006) (quoting *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000)). Ineffective assistance of counsel claims may proceed "when there is substantial compliance with *Lozada* such that the purpose of *Lozada* is fully served by other means." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824–25 (9th Cir. 2003) (citation modified). And noncitizens need not satisfy *Lozada*'s procedural requirements when the alleged "ineffectiveness of counsel was plain on its face." *Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019) (citation modified).

Here, the facts "demonstrate[] the legitimacy of petitioners' ineffective assistance complaint—relieving them of the need technically to comply with *Lozada*." *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002). The Petitioners' attorney filed a "Motion to File Late Appeal" stating that she had represented to the Petitioners that she would file the Notice of Appeal "well

within" the deadline but failed to do so. The attorney's acceptance of responsibility for the untimely filing is thus in the record. The attorney also entered Form EOIR-27 appearances on behalf of each of the Petitioners, indicating that she intended to represent the family throughout the appeal. The BIA's summary dismissal of the Petitioners' appeal was a direct consequence of the attorney's deficient performance.

"Failing to file a timely notice of appeal is obvious ineffective assistance of counsel." *Siong v. INS*, 376 F.3d 1030, 1037 (9th Cir. 2004). Because the former attorney's ineffective assistance of counsel "is plain on the record," "we need not address the BIA's analysis of the *Lozada* requirements." *Eskilian v. Bondi*, 172 F.4th 682, 689 n.2 (9th Cir. 2026).

2.      Moreover, there was substantial compliance with the *Lozada* requirements. *See Rojas-Garcia*, 339 F.3d at 824–25. The "Motion to File Late Appeal" satisfies the purpose of the first *Lozada* requirement. That no affidavit was filed has no practical impact, as the attorney made the representations in the motion as an officer of the court and could be sanctioned for falsity. *See, e.g.*, 8 C.F.R. § 1003.102(c) (listing grounds for disciplining attorneys in immigration proceedings, including in circumstances where an attorney "[k]nowingly or with reckless disregard makes a false statement of material fact or law"). As to the second *Lozada* requirement, there would have been no point in notifying the

attorney that she was being accused of ineffective assistance, as her motion acknowledges the ineffective assistance and accepts responsibility. And although the Petitioners did not provide evidence that a complaint against the attorney was filed with the bar or another disciplinary authority, "[a] primary goal of the third requirement . . . is to protect against the collusive use by aliens and their counsel of ineffective assistance of counsel claims to achieve delay." *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003). The Petitioners promptly retained new counsel and filed their motion to reopen after the BIA summarily dismissed the appeal, doing "all they reasonably could to have their cases heard promptly." *Id.* So the third requirement's concern with collusive delay is not at issue here, and "the purpose of *Lozada* is fully served by other means." *Rojas-Garcia*, 339 F.3d at 824–25 (citation modified).

3.      We need not consider whether the Petitioners have shown prejudice by "demonstrat[ing] plausible grounds for relief on [their] underlying claim." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 835 (9th Cir. 2011) (citation modified). "If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1177 (9th Cir. 2022) (citation modified). The BIA summarily dismissed the underlying removal order and denied the Petitioners' motion to reopen for noncompliance with *Matter of*

*Lozada*. So the BIA never reached the prejudice issue.

We remand for the BIA to address in the first instance whether the Petitioners have demonstrated plausible grounds for sustaining their appeal and, if so, to reach the merits of the appeal.

**PETITION GRANTED; REMANDED.**[2]

---

[2] The motion to stay removal (Docket No. 20) is denied as moot.

24-7810