MICHAEL THOMAS MERCADO, Jr., and PATRICK RUSSELL PRICE, Appellants, v. THE STATE OF NEVADA, Respondent.

No. 14550

October 4, 1984                                   688 P.2d 305

[Rehearing denied January 3, 1985]

*Aebi, FitzSimmons, & Lambrose,* Carson City, for Appellant Michael T. Mercado, Jr.

*Robison, Lyle, Belaustegui & Robb,* Reno, for Appellant Patrick R. Price.

*Brian McKay,* Attorney General, *Dan R. Reaser,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Patrick Russell Price and Michael Thomas Mercado, Jr., of first-degree murder in the death of Danny Lee Jackson.[1] The jury was unable to agree on the penalty to be

---

[1] Jackson's real name was Donald Lee Colvett. Since Jackson was the name used by the witnesses at trial and by the parties in their briefs, that is the name we shall use in our opinion.

imposed, and three judges were empaneled pursuant to NRS 175.556 to decide appellants' sentences. Although the State had sought imposition of the death penalty, the three-judge panel sentenced appellant Price to a term of life with the possibility of parole and appellant Mercado to a term of life without the possibility of parole. We affirm both judgments of conviction.

At the time of the murder appellants were inmates at the Nevada State Prison in Carson City, Nevada. On November 5, 1980, inmate Danny Jackson was strangled to death in a prison bathroom. The record indicates that Jackson was killed by members of the Aryan Warriors, a well-known Nevada prison gang, apparently because he was unwilling to jeopardize his chances for parole by continuing to supply members of the gang with drugs.[2] Several members of the Aryan Warriors testified at trial in exchange for immunity from prosecution for their participation in Jackson's murder. According to their testimony, some inmates led Jackson into the bathroom and strangled him with a piece of rope while other inmates, including many of those testifying against appellants, blocked the bathroom window and engaged in energetic horseplay in the prison yard to divert the guards' attention.

Appellants were charged with aiding and abetting in Jackson's murder.[3] Specifically, the charging information alleged that appellants "acting in concert with James Edward Russo and other persons, did . . . kill . . . Danny Lee Jackson . . . by aiding and abetting, counseling and encouraging each other to restrain and immobilize . . . Jackson; so that a cord-like material could be placed around the neck of . . . Jackson . . . ." Conflicting evidence was presented at trial regarding whether appellants were in the bathroom when Jackson was killed. Appellants' defense was that they had not been in the bathroom; both took the stand and testified that they were playing basketball in the prison yard at the time of the murder. Several of the State's witnesses, however, testified to the contrary. Several inmates testified that they saw appellant Mercado going into the bathroom; inmate Ricky Weber testified that he saw Mercado bending over Jackson; inmate Christopher Sevey testified that he saw Mercado pulling the rope around Jackson's neck and that Mercado subsequently described how Jackson had gurgled while being strangled. Sevey also testified that he saw Price in the bathroom.

---

[2] Appellant Mercado, who has the Aryan Warrior tattoo, admitted that he was a member of the gang. Appellant Price does not have an Aryan Warrior tattoo; conflicting evidence was presented at trial regarding Price's membership in the Aryan Warriors.

[3] A third inmate, James Russo, was charged with directly strangling Jackson, and was separately tried. He was convicted and sentenced to life imprisonment without the possibility of parole.

Appellants point out that most of these witnesses had themselves participated in Jackson's murder and had been given immunity in exchange for their testimony; furthermore, evidence casting doubts on their credibility and the accuracy of their observations had been presented at trial. However, credibility of witnesses is for the jury to evaluate. Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981); Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975). As an appellate court, we do not independently weigh the evidence and the credibility of the witnesses at trial; rather, we scrutinize the record to determine whether there is sufficient evidence from which a rational jury, acting reasonably, could have reached its verdict. *See generally* Hunt v. State, 92 Nev. 536, 554 P.2d 255 (1976); Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974). The record before us contains sufficient evidence to support the verdict of the jury.

Appellant's principal contention on appeal concerns certain comments made by the prosecutor at closing argument. Appellants contend that their rights were violated because at rebuttal argument the prosecutor changed the theory of the case. Specifically, the prosecutor told the jury that in order to convict appellants it did not have to find that they had been in the bathroom physically participating in Jackson's murder; appellants were guilty if they had been in the prison yard, diverting attention from the killing. Up to this point, appellants maintain, the State had proceeded in conformity with the information on a theory that appellants had actually participated in strangling Jackson inside the bathroom; appellants' defense had been structured to meet that theory alone.

Nevertheless, we note that appellants' counsel raised no objection at the time the prosecutor made his comments. We are not obligated to consider an issue that has not been properly preserved for our review. Hooper v. State, 95 Nev. 924, 604 P.2d 115 (1979); Kelso v. State, 95 Nev. 37, 588 P.2d 1035 (1979). Had an objection been raised, the court could have alleviated the possibility of error by instructing the jury that the prosecutor's comments did not reflect the theory pleaded in the information and presented at trial. The jury returned a general verdict, and we do not know under which theory it found appellants guilty.[4] Appellants themselves concede that the

---

[4] Appellants also contend that the jury instructions allowed the jury to find appellants guilty of aiding and abetting although without any criminal intent. At trial appellants objected to the instruction on aiding and abetting on grounds that it was not sufficiently specific and that it allowed the

entire trial had proceeded on the theory that appellants had been in the bathroom when Jackson was killed. As we have previously discussed, there is sufficient evidence in the record to support such a finding with respect to both appellants. We cannot conclude that the jury's deliberations were tainted because of one remark, any prejudicial effect of which could have been cured had an objection been raised at trial.[5]

We have reviewed appellants' other contentions and have concluded that they are without merit. Accordingly, we order both judgments of conviction affirmed.

---

jury to convict them without finding that they had been in the bathroom. Appellants proffered an alternative instruction, which was refused. However, appellants did not object to the part of the instruction dealing with criminal intent. Appellants' failure to raise a sufficiently particularized objection precludes our consideration of this issue. Turner v. State, 98 Nev. 103, 641 P.2d 1062 (1982).

[5]We note that the attorneys who are representing appellants Mercado and Price on appeal are not the same attorneys who represented them in the trial court proceedings below.