WARREN ROBERT STANDEN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 16128

December 11, 1985            710 P.2d 718

*David G. Parraguirre,* Public Defender, *Mark L. Mausert,* Deputy Public Defender, *Daniel L. McCormick,* Deputy Public Defender, Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, *Edwin T. Basl,* Deputy District Attorney, *Gary H. Hatlestad,* Deputy District Attorney, Reno, for Respondent.

## OPINION

*Per Curiam:*

A jury found Warren Robert Standen guilty of first degree murder with a deadly weapon and sentenced him to life without the possibility of parole. Since the murder was accomplished with the use of a deadly weapon, the penalty was enhanced and the district judge sentenced Standen to two consecutive terms of life without the possibility of parole. Standen challenges his conviction in this appeal. For the reasons set forth below, we affirm.

### The Facts

On February 1, 1978, deputies of the Washoe County Sheriff's Office were dispatched to a location in Sparks on a report of an injured woman. The injured woman was the victim, Kaylyn Danner. She was deceased. The cause of death was multiple stab wounds and her throat had been slit. The victim's vehicle was located about one-half hour after the original dispatch, about two or three miles away from where the victim's body was found.

On February 4, 1978, a sheriff's department explorer located a trucker's log book in a ditch near where the victim's body was found. The log book contained appellant's name. After the log book was found, an arrest warrant was issued for Standen for the murder of Kaylyn Danner. He was apprehended on July 19, 1978, in New York. Extradition proceedings commenced and Standen was returned to Reno in September of 1978.

Before trial, Standen tried to implicate a former resident of a hospital for the criminally insane, in Rome, New York. The man Standen sought to implicate met Standen at the State School in Rome, but had not seen him since.

Evidence from the autopsy on the victim provided fluid samples that matched Standen's blood type. Further, head and body hair specimens from the crime scene were found to be consistent and similar to samples provided by Standen.

Additional evidence showed that Standen had been in Reno during the time the homicide occurred. He had registered at the Holiday Inn on Sixth Street on January 24, 1978 and had used his own name. Investigation revealed that Standen had been in the casino where the victim was employed between the hours of 10:30 p.m. and 11:45 p.m. on January 31, 1978. Employees of the casino testified that appellant was carrying some sort of a dark

colored case in his hand, which was in physical appearance consistent with the log book found at the location of the body. Within one hour of being last seen at the casino, appellant was seen at the location where the victim's vehicle was found.

On February 13, 1979 appellant entered a guilty plea to a charge of open murder. Subsequently, this Court reversed the conviction for first degree murder. Standen v. State, 99 Nev. 76, 657 P.2d 1159 (1983). We there held that Standen's plea was not entered knowingly or with understanding. Thereafter, an amended information was filed and Standen was charged with murder with the use of a deadly weapon. Standen pled not guilty to this charge and a date for trial was set.

Before trial, defense counsel moved to suppress the admission of evidence of Standen's prior guilty plea. The motion was granted and trial proceeded. During trial, the fact that appellant had previously pled guilty to the murder of Mrs. Danner came before the jury and the trial court briefly informed the jury of the procedural history of the case. The court also formally instructed the jury on the subject of the prior guilty plea.

The jury found appellant guilty of first degree murder with the use of a deadly weapon. Standen was sentenced to two consecutive terms of life without the possibility of parole.

## The Trial

The sole issue raised by Standen on appeal is whether the district court prejudicially erred in instructing the jury that the prior guilty plea could be used as part of the evidence upon which a conviction could be based.

We agree that the instruction given by the trial judge was erroneous and was a misstatement of the law. However, since the evidence of guilt was overwhelming, we conclude that the error was harmless beyond a reasonable doubt. See Harrington v. California, 395 U.S. 250 (1969).

At trial, the defense relied on a three prong attack. The first prong consisted of an attempt to implicate a man who could not otherwise be tied to the crime. The second prong consisted of an attempt to show that the crime required military precision which Standen could not have exercised due to a diminished mental capacity. The third prong consisted of an attempt to show dilatory conduct and incompetence on the part of the police and the crime laboratory.

The first prong failed. It was clear that the man implicated by Standen had not committed the crime. The second argument was equally unsuccessful. Although testimony was offered to show Standen's disminished mental capacity, the evidence supported the State's theory of the crime.

The success of defendant's final position depended not only on

the actions of the police investigators and the crime laboratory technicians, but also on the reasonableness and responsibility of those actions. Defense counsel tried to show improper conduct on the part of the police investigators and the technicians at the crime laboratory by inferring that reasonable leads had been dropped, potentially exculpatory evidence had been carelessly discarded, and the finger of blame had been pointed at Standen with little evidential support. Defense counsel knew that evidence of the prior guilty plea could not be admitted in order to explain the appearance of irresponsibility which defense counsel sought to create concerning the investigators and crime laboratory technicians. Finally, after defense counsel repeatedly disregarded the court's admonitions and approached this subject, the trial judge allowed the prosecution to elicit testimony of the prior guilty plea in order to help the jury understand the reasons why all investigatory activities had ceased and the evidence had been disposed of in accordance with department policy. So, although the prosecutor initially exposed the jury to the prior guilty plea, defense counsel effectively caused the revelation through his persistent attempts to take improper advantage of the court's ruling in limine to exclude evidence of the guilty plea.

The trial judge then advised counsel that he would give a cautionary instruction at the end of the trial. Defense counsel asked that the instruction be given immediately. Without further preparation, the trial judge complied with defendant's request. The instruction the judge then gave was erroneous. The judge advised the jury that they should base their decision on all the evidence in the case and that the guilty plea was a part of that evidence. This was error. A prior guilty plea that has been legally withdrawn or judicially invalidated is deemed never to have existed and should not be used as evidence. *See* Kercheval v. United States, 274 U.S. 220, 224 (1927).

We conclude, however, that the erroneous instruction was harmless beyond a reasonable doubt. Standen was in Reno at the time of the murder, his log book was found near the crime scene, and the physical evidence from the victim matched samples taken from him. Co-workers at the casino where the victim worked saw appellant shortly before the victim disappeared. Finally, Standen was seen where the victim's car was found, looking for his lost log book. Where there is substantial evidence in the record to support the jury's verdict, this Court will not disturb the verdict on appeal. *See* Mercado v. State, 100 Nev. 535, 688 P.2d 305 (1984); Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981).

### Conclusion

Defendant's persistence in attempting to mislead the jury concerning the State's investigatory efforts and control invited the introduction of the prior guilty plea. The revelation of the prior plea was introduced to help the jury better understand the actions of the police and the crime lab technicians.

The initial instruction given by the trial judge was erroneous, but the evidence against Standen is substantial. The error is, therefore, harmless beyond a reasonable doubt. Therefore, the verdict of the trial court is affirmed.