**June Dumayas BAYUDAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 00–70916.**

United States Court of Appeals, Ninth Circuit.

Filed July 29, 2002.

Ronald T. Oldenburg, Esq., Waipahu, HI, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, HI–District Counsel, Immigration & Naturalization Service, Honolulu, HI, Christine Bither, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Chief Legal Officer, District Counsel, Immigration and Natu-

ralization Service, San Francisco, CA, for Respondent.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

### ORDER

June Dumayas Bayudan ("Bayudan") petitions us to set aside our April 15, 2002, order dismissing for lack of jurisdiction. We grant the petition, set aside our April 15, 2002, order and set a briefing schedule.

In our April 15, 2002, order, we held that we could not hear Bayudan's case because his Hawaii conviction qualified as an "aggravated felony," rendering him deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) and precluding our jurisdiction under 8 U.S.C. § 1252(a)(2)(C). A "crime of violence" qualifies as an aggravated felony provided the imprisonment imposed for that offense is at least one year. 8 U.S.C. § 1101(a)(43)(F); *Alberto–Gonzalez v. INS*, 215 F.3d 906, 909 (9th Cir.2000). Although Bayudan was initially sentenced to one year imprisonment, that sentence was later amended to 364 days. Bayudan was sentenced to less than one year imprisonment. It appears that his conviction is not a conviction for an aggravated felony. We grant the petition for rehearing and set aside our April 15, 2002, order.

The remaining pivotal question in the case is whether manslaughter, and in particular manslaughter under Hawaii law, is a crime of moral turpitude. The papers filed by the parties have not been sufficient to assist us in answering this question. We order briefing and refer the case for oral argument.

Bayudan's brief is due 30 days from the date this order is filed. The government's reply brief is due 30 days from the date Bayudan's brief is filed. Bayudan's reply brief is due 15 days from the date the government's reply brief is filed. The par-

ties are requested to include in their briefs discussion of the following:

(1) Whether Bayudan would be inadmissible under 8 U.S.C. § 1182(a)(2) and, if so, whether 8 U.S.C. § 1252(a)(2)(C) removes jurisdiction to review Bayudan's order of removal; and

(2) Whether Bayudan is deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i) for conviction of a crime of moral turpitude.

Petitioner's motion to stay removal pending review is granted. Upon completion of briefing, the case will be scheduled for the next available oral argument calendar.