137 Nev., Advance Opinion 20

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF CRAIG THOMAS TIFFEE. | No. 79871 |
| CRAIG THOMAS TIFFEE, Appellant, vs. THE STATE OF NEVADA, Respondent. | **FILED** MAY 06 2021 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court order denying a petition to seal criminal records. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge.

*Reversed and remanded with instructions.*

TCM Law Group and Thomas C. Michaelides, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan E. VanBoskerck, Chief Deputy District Attorney, Clark County,
for Respondent.

---

BEFORE THE SUPREME COURT, CADISH, PICKERING, and HERNDON, JJ.

## OPINION

By the Court, CADISH, J.:

In this appeal, we consider whether the district court properly denied a petition to seal criminal records. Appellant Craig Tiffee entered

21-12962

into an agreement with the State, under which he agreed to plead guilty to a felony sexual offense that falls into a category for which criminal records are not subject to sealing under NRS 179.245.[1] As provided in the plea agreement, however, Tiffee withdrew his guilty plea upon successfully completing probation and instead entered a guilty plea to unlawful contact with a child, a gross misdemeanor. He later filed the underlying petition to seal his criminal records, which the district court denied, concluding that both crimes to which appellant pleaded guilty fell under categories of crimes that were precluded from record sealing under NRS 179.245(6).

In so doing, the district court misapplied the statutes. Because appellant withdrew his guilty plea to the felony sexual offense and the gross misdemeanor crime of unlawful contact with a child is not listed in the applicable statute as an offense for which the records must remain open, the statutory presumption in favor of sealing criminal records under NRS 179.2445(1) applies. Although the State opposed the petition, the district court did not apply the presumption or evaluate whether the State rebutted it. We conclude that on this record, the State failed to rebut the presumption and appellant is entitled to sealing. We therefore reverse the district court's order and remand with instructions to grant Tiffee's petition.

---

[1]The 2017 version of NRS 179.245 controlled when appellant filed his petition to seal his criminal record. 2017 Nev. Stat., ch. 378, § 7, at 2413. The Legislature subsequently amended NRS 179.245, 2019 Nev. Stat., ch. 633, § 37, at 4405, which became effective on July 1, 2020. However, nothing of import to this appeal changed with the 2019 amendments.

## FACTS AND PROCEDURAL HISTORY

The Henderson Police Department (HPD) arrested appellant Craig Thomas Tiffee following an undercover operation wherein an HPD detective posed as a 15-year-old and agreed to meet Tiffee at a designated location for sex. Ultimately, Tiffee entered into a guilty plea agreement with the State, under which he agreed to plead guilty to luring children or mentally ill persons with the use of technology with the intent to engage in sexual conduct, a felony under NRS 201.560(4). Tiffee successfully completed probation, which, under the terms of the plea agreement, allowed him to withdraw his guilty plea and instead enter a guilty plea to unlawful contact with a child, a gross misdemeanor under NRS 207.260(4)(a). Pursuant to the plea agreement, the State acknowledged Tiffee's right to do so and cooperated in this process.

Tiffee later filed the underlying petition to seal his criminal records. The State opposed, arguing that NRS 179.245(6) precluded the district court from sealing records pertaining to a conviction of felony luring. Alternatively, the State argued that, even if the district court concluded that Tiffee's criminal records were sealable, it should not seal them because of the seriousness of the underlying offense and because Tiffee had not demonstrated that he was rehabilitated. After a hearing, the district court denied Tiffee's petition, concluding that both the crime he initially pleaded guilty to and the later pleaded crime constituted sexual offenses and crimes against a child, the records of which are not subject to sealing, and that public policy concerns also weighed against sealing.

## DISCUSSION

"We review a district court's decision to grant or deny a petition to seal a criminal record for an abuse of discretion." *In re Aragon*, 136 Nev.,

SUPREME COURT
OF
NEVADA

(O) 1947A

Adv. Op. 75, 476 P.3d 465, 467 (2020). A district court abuses its record sealing discretion when it commits a legal error. *Id.* Whether the district court committed legal error here turns on whether a withdrawn guilty plea is implicated in Nevada's criminal record sealing statutes, the proper construction of NRS 179.245, which lists categories of crimes of which records may not be sealed, and what type of evidence the State must present to rebut the presumption in favor of sealing criminal records under NRS 179.2445(1).

*A withdrawn guilty plea ceases to exist for all purposes and cannot justify the denial of a petition to seal criminal records after a subsequent guilty plea*

NRS 179.245(6)(a) and (b), respectively, preclude the sealing of records relating to convictions of crimes against a child and sexual offenses. Tiffee argues that the district court erred by relying on his withdrawn guilty plea to deny his petition to seal criminal records. While he concedes that NRS 179.245(6) would preclude the sealing of a felony luring conviction, Tiffee argues that he withdrew that plea, and the district court should have confined its analysis to the offense of which he stands convicted. The State argues that the records pertaining to Tiffee's initial guilty plea to felony luring are ineligible for sealing under NRS 179.245(6)(b) because that crime is listed as a sexual offense under that statute. *See* NRS 179.245(8)(b)(16) (defining as a sexual offense "[l]uring a child or a person with mental illness pursuant to NRS 201.560, if punishable as a felony"). In so doing, the State suggests that a withdrawn guilty plea is still operative for purposes of evaluating a petition to seal the associated criminal records.

Upon completing probation, Tiffee successfully withdrew his initial guilty plea to the felony sexual offense and entered a new guilty plea to a gross misdemeanor offense, such that the withdrawn plea—and the conviction based on it—no longer exist. *See People v. Superior Court*

(*Garcia*), 182 Cal. Rptr. 426, 428 (Ct. App. 1982) ("Familiar and basic principles of law reinforced by simple justice require that when an accused withdraws his guilty plea the *status quo ante* must be restored."); *see also* 22 C.J.S. *Criminal Procedure and Rights of Accused* § 262 (2016) ("The situation, on the withdrawal of a plea, is the same as though the plea had not been entered."). Accordingly, Tiffee legally and factually returned to the situation he occupied before he entered the initial guilty plea, subject to the subsequent guilty plea. Instead of relying upon Tiffee's withdrawn guilty plea, the district court should have limited its inquiry under NRS 179.245(1) to the gross misdemeanor offense to which Tiffee ultimately pleaded guilty and of which he stands convicted. Therefore, to the extent the district court relied on Tiffee's withdrawn guilty plea in resolving his petition to seal criminal records, we conclude it erred.

*Gross misdemeanor unlawful contact with a child is not a crime for which record sealing is precluded under NRS 179.245(6)*

Gross misdemeanor unlawful contact with a child is not listed as a nonsealable sexual offense under NRS 179.245. *See* NRS 179.245(8)(b). As an alternative basis for denying Tiffee's petition, the district court concluded that the unlawful contact with a child conviction pertained to "a crime perpetrated against [a] child," the records of which are ineligible for sealing under NRS 179.245(6)(a).

Upon de novo review, we conclude that the district court's interpretation was in error. *Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007) (applying de novo review to issues of statutory construction). For purposes of the record sealing statute, "crime against a child" is defined as set forth in NRS 179D.0357, which enumerates specific offenses not including gross misdemeanor unlawful contact with a child. *See* NRS 179.245(8)(a). As we recently held, a "[district] court may not independently

SUPREME COURT
OF
NEVADA

(O) 1947A

evaluate the facts to make its own decision about whether the conviction relates to a 'crime against a child,' but instead must look to the crimes identified in the statute as being precluded from record sealing." *Aragon*, 136 Nev., Adv. Op. 75, 476 P.3d at 467-68; *see Leven*, 123 Nev. at 403, 168 P.3d at 715 (recognizing that we enforce a statute according to its terms when its language is clear and unambiguous). We explained in *In re Aragon*, "[h]ad the Legislature intended to preclude the sealing of criminal records relating to [a particular offense], it would have expressly done so by including it in [the] list of convictions that a defendant may not petition to seal." 136 Nev., Adv. Op. 75, 476 P.3d at 467. Therefore, the district court erroneously concluded that the records pertaining to Tiffee's guilty plea to gross misdemeanor unlawful contact with a child were ineligible for sealing under NRS 179.245(6).[2]

*Tiffee is entitled to the presumption in favor of sealing criminal records under NRS 179.2445(1)*

A person who meets the statutory requirements to seal his or her criminal records is entitled to a rebuttable presumption that the records should be sealed. NRS 179.2445(1). Tiffee successfully completed probation in 2012 and entered a guilty plea to gross misdemeanor unlawful contact with a child that same year. *Cf.* NRS 179.2445(2) (providing that the

---

[2]The district court also cited to NRS 179.255 in its order denying Tiffee's petition. NRS 179.255(1)-(2) provides the process that a person may use to seal records of "alleged criminal conduct" where (1) the court dismissed the charges, (2) the prosecutor declined to prosecute the charges, (3) a jury acquitted the defendant, or (4) the court set aside a conviction. None of those circumstances apply here, as Tiffee withdrew his initial guilty plea and entered a guilty plea to a lesser offense. Accordingly, to the extent that the district court relied on NRS 179.255, that statute does not support denying Tiffee's record sealing petition.

presumption that records should be sealed does not apply when a defendant is dishonorably discharged from probation). He filed the petition to seal his criminal records in 2019. Thus, Tiffee complied with the two-year waiting period to seal records pertaining to a gross misdemeanor conviction under NRS 179.245(1)(d). It also appears that Tiffee included a copy of his verified criminal record in his petition as required by NRS 179.245(2)(a).[3] Additionally, Tiffee's petition included information that completely identifies the records and a list of agencies that possess records of the conviction. *See* NRS 179.245(2)(c)-(d). Finally, as discussed above, none of the statutory exceptions to sealing eligibility apply. Thus, the record shows that Tiffee complied with all statutory requirements, and he is entitled to the statutory presumption in favor of sealing his criminal records.

*The State failed to rebut the presumption in favor of sealing criminal records under NRS 179.2445(1)*

The State contends that even if Tiffee's criminal records were eligible for sealing, the district court properly declined to seal them because Tiffee failed to demonstrate that he is rehabilitated and because of the seriousness of the underlying offense. However, those arguments are unavailing, as the statutory scheme does not impose such requirements or restrictions and instead presumes records for certain categories of crimes should be sealed.

First, NRS 179.2445(1) clearly and unambiguously provides that the presumption in favor of sealing eligible criminal records applies in favor of the petitioner and against the State. *See Law Offices of Barry*

---

[3]Neither party included a copy of Tiffee's verified criminal record in the appendices. Tiffee asserts that he complied with the controlling procedures under NRS 179.245. The State does not contest this assertion.

*Levinson, P.C. v. Milko*, 124 Nev. 355, 366, 184 P.3d 378, 386 (2008) ("In general, rebuttable presumptions require the party against whom the presumption applies to disprove the presumed fact."). Therefore, it was the State's burden to provide evidence to rebut the presumption, not Tiffee's burden to provide additional evidence in support of sealing.

Second, although NRS 179.2445(1) does not, on its face, expressly state what type of evidence the State (or any party who objects) must present to rebut the presumption in favor of sealing criminal records, the criminal record sealing statutes exist within a common statutory scheme, and we may discern what type of showing the State must make by reviewing the statutory scheme in its entirety. *S. Nev. Homebuilders Ass'n v. Clark County*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005) (explaining that when "interpret[ing] provisions within a common statutory scheme," we must read them in harmony and in accordance with the overall purpose of the statutes). As NRS 179.2405 provides, "the public policy of this State is to favor the giving of second chances to offenders who *are rehabilitated* and the sealing of the records of such persons in accordance with [the governing statutes]." (Emphasis added.) NRS 179.2445 elaborates on this public policy, providing the conditions a petitioner must meet for the presumption that criminal records should be sealed to apply. If the petitioner complies with the governing statutes—here NRS 179.2445 and NRS 179.245—then courts must presume that the petitioner is, in fact, rehabilitated. To rebut this presumed fact, we hold that the State must present some affirmative proof demonstrating that a petitioner is not rehabilitated despite complying with the statutory provisions governing criminal record sealing.

Here, the State merely presented evidence of the facts relating to Tiffee's underlying crime, but such evidence does not demonstrate that a petitioner is not rehabilitated for purposes of sealing criminal records. *Cf.* NRS 179.2445(2) (providing that a dishonorable discharge from probation removes the presumption that the court should order criminal records sealed). Rehabilitation happens, if at all, *after* the underlying offense, and thus a lack of rehabilitation can only be shown by evidence of subsequent activities that would so demonstrate. As the State failed to present such evidence here, and in fact argued that it was Tiffee's burden to further show that he was rehabilitated, it did not rebut the presumption in favor of sealing Tiffee's criminal records.[4]

*CONCLUSION*

When, like here, a defendant withdraws a guilty plea, the plea legally and factually ceases to exist and the defendant returns to the situation he or she was in prior to entering the plea. Thus, district courts may not rely upon a withdrawn guilty plea or an associated conviction when evaluating whether to seal a petitioner's criminal records under NRS 179.245, but instead must confine their analysis to the crimes contained in the operative judgment of conviction. Furthermore, we reiterate that in evaluating whether an offense is "[a] crime against a child" or "[a] sexual offense" under NRS 179.245(6)(a)-(b), courts must abide by the express list

---

[4]The State's claim that the seriousness of the crime provides a basis for either not applying the presumption or rebutting it is contrary to the statutory language, which lists categories of crimes (and exceptions thereto) for which it is presumed records should be sealed. NRS 179.2445(1); NRS 179.245(6). As this crime is within the scope of those eligible for sealing, the nature of the crime is already accounted for by the Legislature in making that determination and cannot be used to rebut the statutory presumption.

of such offenses that the Legislature provided in NRS 179.245(8)(b) and NRS 179D.0357. Additionally, when the statutory requirements are met and a presumption in favor of sealing applies, it can only be rebutted by evidence that the petitioner is not rehabilitated, which cannot be shown by the facts underlying the conviction, but instead must be based on subsequent events tending to show a lack of rehabilitation despite the petitioner's compliance with the governing statutes. Here, Tiffee's crime fell within a category to which the presumption applies, and the evidence presented by the State provided nothing to rebut that presumption by showing a lack of rehabilitation. Accordingly, we reverse the district court's order and remand the matter with instructions to grant Tiffee's petition to seal his criminal records.

_____, J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Herndon