140 Nev., Advance Opinion 52

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| YUMILA CARDENAS-GARCIA, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE STEPHANIE CHARTER, DISTRICT JUDGE, Respondents, and CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; AND Z.K., A MINOR, Real Parties in Interest. | No. 87414  |

Original petition for a writ of mandamus challenging a district court order denying petitioner's motion to determine application of a statutory presumption against reunification in a child protection matter.

*Petition denied.*

Resch Law, PLLC, d/b/a Conviction Solutions, and Jamie J. Resch, Las Vegas,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Donella M. Rowe, Chief Deputy District Attorney, Clark County,
for Real Party in Interest Clark County Department of Family Services.

24- 30041

Legal Aid Center of Southern Nevada, Inc., and Kimberly M. Abbott, Las Vegas,
for Real Party in Interest Z.K.

---

BEFORE THE SUPREME COURT, HERNDON, LEE, and BELL, JJ.

*OPINION*

By the Court, LEE, J.:

When interpreting a statute, this court aims to effectuate the plain meaning of every word. The statute at issue, NRS 432B.555, requires parents in child protection proceedings who have "ever been convicted" of felony child abuse, neglect, or endangerment to prove by clear and convincing evidence that the child subject to the proceedings will not be harmed by reunification before the child can be released to the parent. Petitioner Yumila Cardenas-Garcia pleaded guilty to felony child abuse but was later allowed to withdraw that plea after the successful completion of probation. Cardenas-Garcia now seeks extraordinary writ relief directing the district court to find that NRS 432B.555's presumption against reunification does not apply to her since her felony conviction has been voided. Because we conclude NRS 432B.555 applies to anyone who has ever previously been convicted of felony child abuse, regardless of the legal status of that conviction, we decline to issue the writ.

*FACTS AND PROCEDURAL HISTORY*

Real party in interest, six-year-old Z.K., was removed from Cardenas-Garcia's custody when conditions in her home were determined to be unlivable. Z.K. was placed in protective custody, and Cardenas-Garcia was charged with felony child abuse, neglect, or endangerment under NRS

200.508. Cardenas-Garcia pleaded no contest at the original custody hearing, and Z.K. remained in protective custody. As to the separate criminal case, Cardenas-Garcia pleaded guilty to the felony as part of a drop-down plea agreement.[1] A judgment of conviction was entered. Still, the terms of this drop-down agreement allowed Cardenas-Garcia to withdraw the felony guilty plea after successful completion of the terms of her probation and instead enter a plea of guilty to contributing to the delinquency of a minor, a misdemeanor.

After the criminal court entered the judgment of conviction but before she had completed probation, Cardenas-Garcia requested that the district court grant a hearing in the protective custody action to determine whether she had rebutted NRS 432B.555's presumption against reunification for parents who have "ever been convicted" of felony child abuse, neglect, or endangerment. The court conducted an evidentiary hearing and determined Cardenas-Garcia had not proven by clear and convincing evidence that Z.K. would not suffer physical or psychological harm if allowed to return to the home. The district court further noted that the statute would continue to bar reunification until Cardenas-Garcia could satisfy her burden of proof.

Several months later, Cardenas-Garcia successfully completed probation and was allowed to withdraw the felony guilty plea. With the felony conviction now vacated, Cardenas-Garcia again moved the district court for a determination regarding the continuing application of NRS

___

[1]A drop-down plea agreement refers to a plea that allows a defendant to plead guilty to a felony, complete probation, then withdraw the guilty felony plea and instead plead guilty to an associated misdemeanor. *See, e.g., Ames v. State*, No. 69640-COA, 2016 WL 4070215 (Nev. Ct. App. July 26, 2016) (Order of Affirmance).

432B.555. The court noted that because of the withdrawn plea, "mother does not have a conviction[;] however, at the 555 presumption hearing[,] mother did not overcome the presumption." The court's written order confirms the court's reasoning that because NRS 432B.555's presumption clearly applied at the prior hearing on the matter, Cardenas-Garcia failed to rebut the presumption. Cardenas-Garcia now petitions this court for a writ of mandamus instructing the district court to find that she does not have a felony conviction and need not meet the standard set under NRS 432B.555 to be eligible for possible reunification with Z.K.

*DISCUSSION*

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court retains sole discretion on whether to grant extraordinary relief, and petitioners bear the burden of proving such intervention is necessary. *Smith v. Eighth Jud. Dist. Ct.*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). We elect to consider the merits of this petition because it offers the opportunity, not otherwise available through appeal, to review an important statute regarding child custody in the first instance. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. But because we determine NRS 432B.555 is properly applied to parents previously convicted of felony child abuse, neglect, or endangerment who have later had that conviction withdrawn, we decline to issue the requested relief.

We review questions of statutory interpretation de novo. *See Id.* at 198, 179 P.3d at 559 ("Statutory interpretation is a question of law that we review de novo, even in the context of a writ petition."). "Where a

statute is clear and unambiguous, this court gives effect to the ordinary meaning of the plain language of the text without turning to other rules of construction." *Chandra v. Schulte*, 135 Nev. 499, 501, 454 P.3d 740, 743 (2019). "In interpreting the plain language of a statute, we presume that the Legislature intended to use words in their usual and natural meaning." *McGrath v. State, Dep't of Pub. Safety*, 123 Nev. 120, 123, 159 P.3d 239, 241 (2007). Importantly, plain text analysis "should not render any part of a statute meaningless, and a statute's language should not be read to produce absurd or unreasonable results." *Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007) (internal quotation marks omitted).

At issue is NRS 432B.555, which states, in relevant part, that in matters of child custody,

> if the court determines that a custodial parent or guardian of a child has ever been convicted of a violation of NRS 200.508 [felony child abuse, neglect, or endangerment] or the law of another jurisdiction that prohibits the same or similar conduct, the court shall not release the child . . . to that custodial parent or guardian unless the court finds by clear and convincing evidence presented at the proceeding that no physical or psychological harm to the child will result from the release of the child to that parent or guardian.

The plain text of NRS 432B.555, specifically the Legislature's use of the word "ever," persuades us that NRS 432B.555 does not provide an exception for parents who have had their convictions voided for certain legal purposes.

"Ever" means "always," "at any time," "in any way." *Ever*, *Merriam-Webster's Collegiate Dictionary* (11th ed. 2011). Cardenas-Garcia cannot dispute the clear fact that at one point, the court entered a judgment of conviction on the underlying felony. Giving effect to the term "ever" in the statute, Cardenas-Garcia's previous conviction is all NRS 432B.555

requires. Unlike our dissenting colleague, we do not construe our existing caselaw to mandate a different result. In *Standen v. State*, this court addressed whether a legally withdrawn or judicially invalidated guilty plea is admissible evidence at the subsequent trial where the jury will determine the defendant's guilt to the same crime that was the subject of the withdrawn or invalidated plea. 101 Nev. 725, 728, 710 P.2d 718, 720 (1985). This court held that where a jury is tasked with determining the guilt of a defendant, the jury cannot be allowed to hear evidence of the defendant's withdrawn or invalidated guilty plea. *Id.* The facts of *Standen* go no further than this basic proposition and do not otherwise speak to the collateral consequences of a guilty plea.

Likewise, we do not construe our precedent regarding withdrawn pleas to require this court to ignore the judgment of conviction entered prior to the withdrawn plea where the Legislature unambiguously intended all possible convictions be considered by including the word "ever" in the statute. In *In re Tiffee*, this court noted that after a guilty plea is withdrawn, the conviction based upon the withdrawn plea "no longer exist[s]." 137 Nev. 224, 226, 485 P.3d 1249, 1252 (2021). Nonetheless, NRS 432B.555's use of the word "ever" unambiguously directs courts to look backwards and beyond the legal fiction of a withdrawn guilty plea. Given the statute's instruction to look at any conviction of felony child abuse, neglect, or endangerment "ever" sustained, we simply cannot ignore the entry of a judgment of conviction to the underlying felony on the record here. Thus, we conclude NRS 432B.555 applies to those who later have their felony conviction vacated.

*Standen* and *In re Tiffee* are further distinguishable, as both reference criminal proceedings where the issue is confined to the impact on

the criminal defendant of a withdrawn guilty plea. However, in the context of the child welfare statutes, priority is placed, as it should be, on the impact on minor children, specifically, avoiding harm to minor children, and we are convinced the plain text of NRS 432B.555 references all possible convictions of felony child abuse, neglect, or endangerment. While the plain text is determinative, the policy rationales underpinning our interpretation of NRS 432B.555 are consistent with the overarching intent of the Legislature to structure child custody matters around the child's best interest. When a parent has been adjudicated guilty of felony child abuse, there are valid reasons to create a higher burden of proof before reunification regardless of any subsequent status change as a result of a withdrawn plea. We perceive no undue burden when parents remain free to present evidence to rebut the presumption reasonably put in place by the statute.

We note that NRS 432B.555 recognizes a parent's continued ability to attempt to rebut the presumption. Cardenas-Garcia has now successfully completed probation, and while that does not categorically remove her from the statute's purview, the district court can hear further evidence on whether she has, in fact, rebutted NRS 432B.555's presumption along with her progress in the criminal justice system. A parent does not have only one opportunity to rebut the NRS 432B.555 presumption. A district court should ensure the higher burden of proof imposed by the statute does not become, in practice, an insurmountable bar to reunification based on a prior conviction, particularly when that conviction has been vacated. Thus, a court should freely grant leave to present evidence relevant to the NRS 432B.555 determination throughout the protective custody proceedings when requested by a party who demonstrates a significant change in circumstances.

## CONCLUSION

NRS 432B.555 imposes a higher burden of proof on reunification for parents who have "ever" been convicted of felony child abuse, neglect, or endangerment. A voided conviction does not alter the fact that Cardenas-Garcia was at one point convicted of the underlying offense, so we give effect to the Legislature's use of "ever" in the statute, confirming the NRS 432B.555 presumption unambiguously applies here. We therefore decline to issue the extraordinary relief sought and order this petition denied.

_____, J.
Lee

I concur:

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A

BELL, J., dissenting:

Until today, this court has never considered a judgment based on a withdrawn plea to have any legal effect and, in fact, has consistently held the opposite. The majority relies exclusively on the legislature's use of the word "ever" in NRS 432B.555 to contradict this court's clear precedent. Yet, by exercise of law, Cardenas-Garcia never had a conviction for felony child abuse, neglect, or endangerment, and the statute cannot apply. For this reason, I dissent.

Nevada caselaw has consistently held the withdrawal of a guilty plea voids the underlying judgment as if the plea never existed. In *Standen v. State*, a criminal defendant pleaded guilty to murder. 99 Nev. 76, 77, 657 P.2d 1159, 1159 (1983). This court vacated the judgment and set aside the guilty plea. *Id.* at 80, 657 P.2d at 1162. At trial on remand, the jury was allowed to hear evidence that the defendant had previously pleaded guilty. *Standen v. State*, 101 Nev. 725, 727, 710 P.2d 718, 719 (1985). This court, reversing the subsequent judgment, held "[a] prior guilty plea that has been legally withdrawn or judicially invalidated is deemed never to have existed." *Id.* at 728, 710 P.2d at 720.

Just three years ago, in *In re Tiffee*, this court reaffirmed that a withdrawn plea must be treated, in all respects, as a nullity. 137 Nev. 224, 226, 485 P.3d 1249, 1252 (2021). *Tiffee* concerns facts similar to this case. There, a criminal defendant pleaded guilty to the felony of luring children. After completing probation, the defendant was allowed to withdraw the felony plea and enter a plea of guilty to a misdemeanor. *Id.* at 225, 485 P.3d at 1251. The defendant then sought to seal his criminal record. *Id.* The State opposed because a statute prohibits the sealing of criminal records of an individual with a conviction for felony luring. *Id.* This court found that the district court erroneously applied the statute to

bar sealing because, after successfully withdrawing the initial guilty plea, the defendant "legally and factually returned to the situation he occupied before he entered the initial guilty plea, subject to the subsequent guilty plea." *Id.* at 226, 485 P.3d at 1252. This court prevented the district court from considering the luring conviction when deciding whether to seal Tiffee's records because the conviction did not exist. *Id.*

Likewise, based on this court's binding precedent, after Cardenas-Garcia legally withdrew the felony guilty plea, she is deemed to have never been convicted of the requisite offense to trigger NRS 432B.555. Because Cardenas-Garcia's felony conviction does not exist, I would issue the requested writ. The majority attempts to distinguish *Tiffee* on the basis of the term "ever" in NRS 432B.555; yet, as a matter of clear law, we must consider Cardenas-Garcia to have never been convicted of felony child abuse, neglect, or endangerment. "Ever" is entirely inapplicable to the current dispute. I would apply *Tiffee* directly here and issue the requested writ; the district court erred in considering a voided conviction to apply NRS 432B.555. The statute contemplates burdening only those who have a conviction of child abuse, neglect, or endangerment. No such conviction exists here, and so Cardenas-Garcia falls outside the plain language of NRS 432B.555.

By reading "ever" in NRS 432B.555 to reach a legally voided conviction, the majority suggests the presumption is appropriately applied to Cardenas-Garcia because, as a matter of fact, Cardenas-Garcia committed acts that constitute felony child abuse. I cannot accept this reading of NRS 432B.555. The legislature has indicated elsewhere in NRS Chapter 432B an intent to recognize certain acts defined by criminal statute without requiring a legal conviction but has not done so here. *See, e.g.,* NRS

432B.157 (imposing a rebuttable presumption when the court determines that the party seeking custody of a child has committed acts of domestic violence); *see also Allstate Ins. Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009) (explaining that this court reads a statutory scheme as a whole to harmonize its provisions and to prevent unreasonable results); *cf. Clover Valley Land & Stock Co. v. Lamb*, 43 Nev. 375, 380-81, 187 P. 723, 725 (1920) (recognizing that courts should take notice of differences within closely related statutory provisions).

The majority contravenes our precedent on withdrawn pleas to hold Cardenas-Garcia's voided judgment is not, in fact, void, seemingly because it is convinced, in the context of child welfare, that protectionary interests weigh out. Yet consistent application of our caselaw does not entitle Cardenas-Garcia to custody, nor prevent the Department of Family Services from raising the underlying substantive protectionary concerns as a compelling reason reunification is not appropriate; it merely removes a single barrier to reunification. *See* NRS 432B.530(5); NRS 432B.550; NRS 432B.590. The district court remains free to prevent reunification on the basis of Z.K.'s best interests.

Finally, I note concern with the majority's contention that the fact a parent can rebut the application of NRS 432B.555 prevents its harm. While Cardenas-Garcia did not cogently argue a constitutional violation, the possibility of rebutting a presumption unfairly imposed does not appropriately preserve the parental interest, especially when the statute at issue concerns a parent's fundamental right to the care, custody, and management of their child. *See Santosky v. Kramer*, 455 U.S. 745, 753

(O) 1947A

(1982). Cardenas-Garcia has demonstrated extraordinary relief is warranted to prevent the erroneous application of NRS 432B.555 to a party with no relevant prior conviction. Respectfully, I dissent.

_____, J.
Bell