NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOLANDA ALVIDREZ QUEZADA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1929

Agency No.
A092-144-328

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2025
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[**]
Partial Concurrence by Judge BEA.

Petitioner Yolanda Alvidrez Quezada, a native and citizen of Mexico, entered

the United States unlawfully in 1979 and became a lawful permanent resident in

1989. She petitions for review of the dismissal by the Board of Immigration Appeals

("BIA") of her appeal from the Immigration Judge's ("IJ") decision that she was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

removable under Section 1227(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") for having been convicted of an aggravated felony in May 2020. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we review de novo the constitutional claims and the questions of law raised in her petition. *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1176–77 (9th Cir. 2022).[1]

For the following reasons, we deny the petition for review. As the parties are familiar with the facts, we recount them only as relevant to our decision.

1. Section 1227(a)(2)(A)(iii) of the INA provides that any alien who is "convicted" of an "aggravated felony" is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). Aggravated felonies include an attempt to commit "a crime of violence" for which "offense" a court "order[s]" an "actual sentence" that imposes a "term of imprisonment [of] at least one year," regardless of any suspension thereof. 8 U.S.C. § 1101(a)(43)(F), (U), 1101(a)(48)(B); *Alberto-Gonzalez v. I.N.S.*, 215 F.3d 906, 910 (9th Cir. 2000).

2. Petitioner pleaded guilty to attempted battery with substantial bodily harm in violation of Sections 200.481(2)(b) and 193.330 of the Nevada Revised Statutes, which violation may be treated either as a felony or as a gross misdemeanor

---

[1] Where, as here, "the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Ballinas-Lucero*, 44 F.4th at 1176 (citation omitted).

under Nevada law. [2] Nev. Rev. Stat. §§ 193.130(2)(d), 193.330(1)(a)(4), 200.481(2)(b) (2020). Under her plea agreement, Petitioner stipulated to felony treatment of her conviction, with the option to withdraw her felony guilty plea and plead guilty instead to a gross misdemeanor upon completion of a mental health court program. In May 2020, the Nevada District Court for the Clark County ("Nevada state court") entered a judgment of conviction, adjudged her guilty "under the [f]elony statute," ordered a suspended term of imprisonment of 12-48 months, placed her on probation, and conditioned her probation upon successful completion of a mental health court program. Two years later, having completed that mental health court program, Petitioner withdrew her felony guilty plea, pleaded guilty to a gross misdemeanor punishable by a term of imprisonment not exceeding 364 days, and received an amended judgment of conviction in which the Nevada state court adjudged her guilty—this time omitting the phrase "under the [f]elony statute"—and sentenced her to credit for time served.

Under Nevada law, a conviction based on a defendant's guilty plea is deemed vacated upon the defendant's successful withdrawal of his guilty plea. *See Cardenas-Garcia v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 554 P.3d 231, 233, 234 (Nev. 2024); *In re Tiffee*, 485 P.3d 1249, 1252, 1254 (Nev. 2021). Hence,

---

[2] Section 193.330 of the Nevada Revised Statutes has since been replaced by Section 193.153.

Petitioner's May 2020 felony conviction was vacated, and she received a misdemeanor conviction instead.

While Nevada law governs the fact of the vacatur, the INA dictates its effect for federal immigration purposes. *See, e.g.*, *Ballinas-Lucero*, 44 F.4th at 1174–78. We have long adopted the *Pickering* rule that a "conviction vacated for reasons unrelated to the merits of the underlying criminal proceedings may be used as a conviction in removal proceedings whereas a conviction vacated because of a procedural or substantive defect in the criminal proceedings may not."[3] *Prado v. Barr*, 949 F.3d 438, 441 (9th Cir. 2020) (cleaned up) (citations omitted); *see also Ballinas-Lucero*, 44 F.4th at 1177–78.

Applying the *Pickering* rule here,[4] Petitioner's May 2020 conviction was not vacated because of any substantive or procedural defect in the underlying criminal proceedings. Petitioner moved to withdraw her felony guilty plea and to plead guilty instead to a gross misdemeanor pursuant to her plea agreement, the validity of which

---

[3]     Petitioner claims that a vacated conviction has immigration consequences only if the vacatur is issued "solely" for rehabilitative or immigration reasons. Not true. The *Pickering* rule gives effect to a vacated conviction for INA purposes so long as the conviction is vacated "for reasons unrelated to the merits of the underlying criminal proceedings." *In Re Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003); *see also Ballinas-Lucero*, 44 F.4th at 1177–78.

[4]     Petitioner argues that the Ninth Circuit's endorsement of the *Pickering* rule was based on *Chevron* deference and should thus be revisited in light of *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). But *Loper Bright* did "not call into question prior cases that relied on the *Chevron* framework." 603 U.S. at 412.

Petitioner does not contest. *See Ballinas-Lucero*, 44 F.4th at 1179–80 (analyzing the grounds upon which an alien moved to withdraw his guilty plea). In granting Petitioner's motion and accepting her new plea, the Nevada state court referenced only Petitioner's plea agreement. *See id.* at 1179 (noting that the language used in a court's order provides relevant evidence for assessing the reasons underpinning a conviction vacatur). As the BIA correctly observed, "the terms of the plea agreement, the motion to withdraw the guilty plea for the felony conviction, and both the original and amended judgements of conviction reveal no infirmity in the underlying proceedings."[5]

As such, the BIA did not err in concluding that the Nevada state court vacated Petitioner's May 2020 conviction for reasons unrelated to the merits of Petitioner's criminal proceedings. Therefore, under the *Pickering* rule, Petitioner's May 2020 conviction still controls for INA purposes.

3. Then, the question becomes whether Petitioner was convicted in May 2020 of an "aggravated felony" as defined in the INA. Under our binding precedents, the crime of which Petitioner was convicted categorically qualifies as a "crime of violence."[6] *United States v. Fitzgerald*, 935 F.3d 814, 816–19 (9th Cir.

---

[5] In this statement, the BIA did not erroneously shift to Petitioner the burden of identifying a defect in the underlying criminal proceeding; rather, the BIA simply described what the evidence in the record demonstrates.

[6] The IJ erred when she found Petitioner had forfeited the argument that an offense under Sections 200.481(2)(b) and 193.330 of the Nevada Revised Statutes

2019) (per curiam); *see also Villagomez v. McHenry*, 127 F.4th 113, 119–22 (9th Cir. 2025). And the parties here do not dispute that Petitioner was sentenced in May 2020 to a suspended term of imprisonment of 12-48 months. Therefore, the BIA did not err in holding that Petitioner is removable under Section 1227(a)(2)(A)(iii) due to her May 2020 conviction of an aggravated felony.

4. Because Petitioner was ultimately convicted of the same offense—attempted battery with substantial bodily harm—she contends that the court did not vacate her conviction for purposes of *Pickering* but simply reduced her *sentence* on the same conviction. In the alternative, Petitioner argues that this case involved neither a conviction vacatur nor a sentence reduction, but a "change in classification."

Petitioner's argument misses the mark. Regardless of whether we classify the amended judgment as a "vacatur," "sentence reduction," or "change in classification," the analysis is the same. Because Petitioner was convicted of an offense for which the court imposed a term of imprisonment of at least one year and later altered the sentence for reasons unrelated to the merits of the underlying criminal proceedings, her initial conviction and sentence "remain valid for

does not constitute a "crime of violence" within the meaning of the INA. Petitioner argues that this error violated her due process right. But the BIA has corrected this error by discussing and dismissing this purely legal issue pursuant to the binding precedent of the Ninth Circuit. Petitioner does not assert that the BIA's discussion of this issue was inadequate.

immigration purposes." *See Ballinas-Lucero*, 44 F.4th at 1177 (explaining that *In re Thomas,* 27 I. & N. Dec. 674, 674 (A.G. 2019), "affirm[ed] *In re Pickering* and extend[ed] its test to state-court orders that modify, clarify, or otherwise alter a criminal alien's sentence" (quotations omitted)); *United States v. Alvarez-Gutierrez*, 394 F.3d 1241, 1244 (9th Cir. 2005) (explaining that courts determine whether an offense qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43) "without regard to whether, under state law, the crime is labeled a felony or a misdemeanor" (quoting *United States v. Gonzalez-Tamariz*, 310 F.3d 1168, 1171 (9th Cir. 2002))).

Petitioner's reliance on *Garcia-Lopez v. Ashcroft*, 334 F.3d 840 (9th Cir. 2003), *overruled on other grounds Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014), is misplaced. While the petitioner in *Garcia-Lopez* pleaded guilty to a wobbler offense under California state law, the court never imposed a term of imprisonment that rendered the petitioner removable. *See Garcia-Lopez*, 334 F.3d at 842. Therefore, *Garcia-Lopez* does not address the dispositive question here: whether the term of imprisonment ordered as a result of Petitioner's May 2020 conviction still controls for INA purposes.

The other two cases on which Petitioner relies fare no better. In *Alberto-Gonzalez*, we held that "Congress intended the phrase 'for which the term of imprisonment [is] one year or more' [in the INA] to refer to the actual sentence imposed by the trial judge," not the maximum sentence punishable for the offense.

215 F.3d at 910. But unlike in *Alberto-Gonzalez*, the court here actually sentenced Petitioner to a term of imprisonment greater than one year. In *Bayudan v. Ashcroft*, 298 F.3d 799 (9th Cir. 2002), this court set aside a prior order dismissing an appeal, stating that "it appear[ed]" the petitioner was not sentenced to an aggravated felony where he was initially sentenced to one year imprisonment, but later resentenced to 364 days. *Id.* at 800. The panel did not explain its reasoning, and *Bayudan* has never been cited by this court for the proposition that *Pickering* does not apply where an initial term of imprisonment is vacated for reasons unrelated to the merits of the underlying proceedings.

**PETITION FOR REVIEW DENIED.**[7]

---

[7] Petitioner's motion and supplemental motions to stay removal (Dkt. Nos. 3, 12, 14, and 15) are **DENIED** as moot.



*Alvidrez Quezada v. Bondi*, No. 24-1929

BEA, Circuit Judge, concurring in part and concurring in the judgment:

I agree with my colleagues that, pursuant to Petitioner's felony guilty plea, she was convicted in May 2020 of a crime of violence for which she was sentenced to a term of imprisonment of at least one year. 8 U.S.C. §§ 1101(a)(43)(F), (U), 1101(a)(48), 1227(a)(2)(A)(iii); *Alberto-Gonzalez v. I.N.S.*, 215 F.3d 906, 910 (9th Cir. 2000). Petitioner's later withdrawal of her felony guilty plea resulted in a vacatur of this May 2020 conviction. Yet, this conviction still bears federal immigration consequences under the *Pickering* rule because it was not vacated for any reasons relating to the merits of the underlying criminal proceedings.[1] *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1177–78 (9th Cir. 2022). Petitioner is thus removable as an aggravated felon under the Immigration and Nationality Act ("INA").

However, I do not join section four of the majority memorandum disposition. In my view, we need not rely on the Attorney General's decision in *In re Thomas,* 27 I. & N. Dec. 674 (A.G. 2019), and opine as to whether the *Pickering* rule should

---

[1]     Petitioner argues that any inquiry regarding the immigration effect of her May 2020 conviction misses the mark because, pursuant to 8 U.S.C. § 1101(a)(48)(B), any "reference to a term of imprisonment"—including such reference in the definition of aggravated felonies—speaks to an *offense*, not a conviction. I disagree. Our inquiry properly centers on Petitioner's *conviction* because 8 U.S.C. § 1227(a)(2)(A)(iii), the very basis of the government's charge here, demands as much. A term of imprisonment requires a conviction.

apply all the same for cases involving conviction vacaturs, sentence modifications, or crime reclassifications.[2]

Correctly finding this case involved a conviction vacatur, the BIA here applied the *Pickering* rule without relying on *In re Thomas*—fairly read, the BIA's decision cited *In re Thomas* only to the extent that it reaffirmed the *Pickering* rule. And my colleagues do not dispute that this case in fact involved a conviction vacatur and that the *Pickering* rule therefore governs. As such, the resolution of this case does not depend on *In re Thomas* or any declaration regarding the legal standards applicable to sentence modifications or crime reclassifications.

Nor is such a declaration proper, in my view. We have not adopted *In re Thomas* in any published opinion.[3] And I would not break new grounds to adopt it

---

[2]     *In re Thomas* reaffirmed the *Pickering* rule and extended it beyond cases involving conviction vacaturs to cases concerning sentence modifications, clarifications, and alterations. *In re Thomas*, 27 I & N. Dec. at 680. The Attorney General in that case did not discuss the legal standard applicable to crime reclassifications. The majority does not cite any legal authority for its holding that the *Pickering* rule should govern cases involving crime reclassifications. The majority cites *United States v. Alvarez-Gutierrez* for the proposition that an offense qualifies as an aggravated felony "without regard to whether, under state law, the crime is labeled a felony or a misdemeanor." 394 F.3d 1241, 1244 (9th Cir. 2005). That proposition is as true as it is irrelevant. *Alvarez-Gutierrez*, a case involving no crime reclassification whatsoever, does not support the majority's holding that no federal immigration consequence should attach to a crime reclassification that renders an alien—previously removable under the INA—no longer so, if the reclassification is effected for reasons unrelated to the merits of the underlying criminal proceeding.

[3]     *See Ballinas-Lucero*, 44 F.4th at 1177, 1179, 1180 (in a case involving conviction vacaturs before *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024),

here without discussing in depth the relevant provisions of the INA; discerning whether we are bound by the Attorney General's decisions such as *In re Thomas*; and, if not, determining whether we owe *Skidmore* respect to *In re Thomas*. *See Lopez v. Garland*, 116 F.4th 1032, 1039 & n.2 (9th Cir. 2024) (quoting 8 U.S.C. § 1103(a)(1)).

As we need not opine on *In re Thomas* in this case, I do not join section four of the majority's memorandum disposition. "If it is not necessary to decide more to dispose of a case, then it is necessary *not* to decide more." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C.J., concurring) (emphasis in original).

---

the panel applied the *Pickering* rule, and cited *In re Thomas* to the extent that it reaffirmed the *Pickering* rule); *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1088 (9th Cir. 2021) (distinguishing certain BIA precedents involving sentence modifications because they were factually inapt, and mentioning in the alternative that those BIA precedents had, in any event, been overruled by *In re Thomas*).